389 So.2d 68 (1980)
STATE of Louisiana
v.
Dale GUILLOT.
No. 67232.
Supreme Court of Louisiana.
October 6, 1980.
Michael J. Johnson, Cottonport, John R. Contois, Marksville, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Eddie Knoll, Dist. Atty., Cliffe E. Laborde, III, Asst. Dist. Atty., for plaintiff-respondent.
LEMMON, Justice.
The determinative issue in this matter is whether the prosecution presented sufficient evidence to sustain defendant's conviction of criminal neglect of his two minor children in violation of R.S. 14:74.
On August 20, 1979 defendant left his wife and two daughters after fifteen years of marriage. Five months later Mrs. Guillot filed a complaint charging defendant *69 with intentionally failing to support his children who were in necessitous circumstances.

I.
After defendant left them, Mrs. Guillot and the children continued to live on the family farm. She withdrew $1,277 from a joint bank account and also harvested a standing soybean crop, which she sold for $20,000. With the proceeds of that crop sale and the sale of some cattle, she paid off the $27,000 mortgage on the farm.
Mrs. Guillot never asked her estranged husband for support, nor did she apply for food stamps. In November, 1979 she bought an AC three-wheeler recreational vehicle at a cost of $850 for herself and the children. When asked if she and her children were destitute, she replied that "they managed". She further admitted owning about 25 other cattle which she could sell if she needed cash.
According to Mrs. Guillot, her father provided considerable support by helping her harvest the soybean crop and by giving cattle to the children. Her father testified he gave defendant and his daughter their house and lot when they were married in 1964 and made gifts of cattle to the grandchildren, but made no donations of cattle from August, 1979 to the date of the trial.
On January 8, 1980, approximately two weeks before these charges were filed, defendant gave his wife $331.00, which he had inherited from his mother's succession.

II.
In order for a conviction to stand, the evidence, when viewed in a light most favorable to the prosecution, must be sufficient to convince a reasonable trier of fact of the defendant's guilt beyond a reasonable doubt of every element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To convict a husband or father of the offense of criminal neglect of family, the prosecution must prove more than the defendant's breach of his civil obligation imposed by C.C. art. 119 and 227 to support his wife and minor children. The state must prove beyond a reasonable doubt that the wife or minor children were in "destitute or necessitous circumstances". R.S. 14:74.
Since the evidence presented concerning the resources available to Mrs. Guillot and the children for support belies the conclusion that their circumstances were "destitute or necessitous", this record does not contain proof beyond a reasonable doubt of this element of the offense. The fact that Mrs. Guillot's hard work and the generosity of the grandparent kept the children out of necessitous circumstances, while pertinent in the pending civil litigation, does not establish the requisite proof of necessitous circumstances in a criminal trial. Moreover, another element of the offense is the defendant's "financial means to provide support", and the prosecution produced no evidence whatsoever of this element.
Accordingly, the conviction and sentence are reversed, and the case is remanded with instructions to grant a judgment of acquittal.
REVERSED.