BOUTALL, Justice ad hoc.[1]
Ricky Farbe was convicted of violating Louisiana Revised Statute 14:74, Criminal Neglect of Family, i. e., his wife and two *1302 year old son. He was given a suspended sentence and placed on probation conditioned upon paying $100 a month support for his wife and $100 for his child. The sole issue is the sufficiency of the evidence to sustain the conviction.
The Louisiana Constitution of 1974, Article 5, § 5(C) provides that in criminal matters this court’s appellate jurisdiction extends only to questions of law. In a series of recent cases, this court has adopted the rule applied by the U.S. Supreme Court in its consideration of Federal Constitutional habeas corpus application from state convictions as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Hartman, 388 So.2d 688 (La.1980); State v. Harveston, 389 So.2d 63 (La.1980); State v. Morgan, 389 So.2d 364 (La.1980); and especially applicable here, State v. Guillot, 389 So.2d 68 (La.1980). In Jackson v. Virginia, the court stated, 99 S.Ct. 2789, the following:
“ * * * Instead the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Johnson v. Louisiana, 406 U.S. 356, 362, 92 S.Ct. 1620, 1624, 32 L.Ed.2d 152” * * * *
The court expressed its holding at page 2792:
“[10] We hold that in a challenge to a state criminal conviction brought under 28 J.S.C. § 2254 — if the settled procedural pre-requisites for such a claim have otherwise been satisfied — the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.”
Farbe was charged with criminal neglect of his wife and child on or about August 17, 1980 and since. The only witness produced by the State was Eileen Farbe, his wife. She testified that she and defendant were married on February 9,1979, had one child, Jerami, now two years old, that the three of them lived with her father at his house, that Farbe left on August 17,1980, that he had never given them anything for support ever since, a period in excess of 30 days. Since the time Farbe left, she and her child were compelled to live on the generosity of her father who continued to give them food and shelter, and who paid for some medical expenses. She acknowledged that her father would not let them starve, nor would he turn them out of his home, but that he could not provide additional expenses such as clothing and medical expenses. At that time the child needed medical treatment, and her father had paid in excess of $100, and the bills were continuing to mount, and she felt that she could not continue to require her father to bear such heavy burdens. She had no other assets or income, or means of support.
We conclude that these facts are sufficient to meet the requirements oí Jackson v. Virginia, supra. The law does not require that the wife and child be reduced to begging from relatives and friends for continued existence. The evidence shows that this defendant was gainfully employed and could furnish support for his wife and child. His attempt to shoulder that responsibility was only to offer to provide an account of some sort at a grocery store to permit them to buy groceries of an unknown amount, and to offer to reimburse some of the medical bills. We are unable to ascertain from the record, nor should we be required to ascertain on this examination how much weight the judge assigned to these items in his consideration of the evidence. The test is satisfied if any rational trier of fact, viewing the evidence in the light most favorable to the prosecution could have found the necessary proof of guilt.
The conviction and sentence are affirmed.
DIXON, C. J., and CALOGERO and DENNIS, JJ., dissent.

. Judges Gulotta, Boutall and Schott of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon, Justices Caloge-ro, Dennis and Watson.