458 So.2d 533 (1984)
STATE of Louisiana
v.
Reginald LEE.
No. KA-1909.
Court of Appeal of Louisiana, Fourth Circuit.
October 3, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, Harry F. Connick, Dist. Atty., Susan Scott *534 Hunt, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before SCHOTT, BYRNES and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Reginald Lee, was charged by bill of information with the December 16, 1981 armed robbery of Angie Haynes, a violation of La.R.S. 14:64.[1] He was arraigned on January 28, 1982 and pled not guilty. Defendant requested trial by jury. On July 28, 1982 a twelve person jury found the defendant guilty as charged.
On August 9, 1982 defendant was sentenced to serve ten (10) years in the custody of the department of corrections.
Defendant has briefed no specific assignments of error. Assignments of error neither briefed nor argued are deemed waived on appeal. State v. Kenner, 384 So.2d 413 (La.1980). Defendant requests this Court review the record for errors patent as required by La.C.Cr.P. Art. 920(2). The recent case of State v. Raymo, 419 So.2d 858 (La.1982), also requires review of a record for "sufficiency of evidence" under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State v. Edwards, 400 So.2d 1370 (La. 1981), regardless of whether counsel has moved for a directed verdict or a new trial or filed a formal assignment of error. Accordingly, this record has been so reviewed.
The bill of information was in proper form and signed by the district attorney. The trial court acted appropriately in that the defendant was present and represented by counsel at his arraignment, jury selection, trial and sentencing. The composition of the jury was proper as required by La.C. Cr.P. Art. 782 as well as the vote to convict. The verdict was responsive to the charge. After sentencing, all appropriate delays were accorded the defendant in accordance with statutory parameters. As to the "sufficiency of the evidence", the following facts and testimony were adduced at trial.
Angie Haynes, a part time usher at the Saenger Theatre in New Orleans, was on her way to work on December 16, 1982, when, at approximately 6:15 p.m., she was robbed at gun point. She testified that the perpetrator approached her, demanded her money threatening to blow her head off if she did not comply. She gave him her purse and he walked off. Immediately he returned because he could not find the money and demanded that she find it for him. She showed him where the money was kept. He took $2.00 and some change and walked away.
Later, Ms. Haynes was able to select the defendant's photograph from at least 100 Bureau of Information file photographs. She made a second positive identification of the defendant out of a photo-show up of five photographs. She was unrelenting on the day of the initial identification and the day of trial that the defendant was the man who robbed her. She testified that the crime was committed in a well lit parking lot and that it was still daylight. She stated she would never forget his face and still sees it in her dreams.
As a defense, defendant produced two co-workers as alibi witnesses. Huey Johnson testified that he and the defendant left work at Walgreen's drugstore in the Lake Forest Shopping Center at about 5:30 p.m. on the day in question and were on the express bus at the corner of Downman Road and Chef Menteur Highway at approximately *535 6:20 p.m. or five minutes after the victim was robbed.[2]
Eleanor Polk, an assistant food manager at the drugstore, stated she cashed defendant's paycheck that afternoon and saw the defendant leave with Huey Johnson at 5:30 p.m. and that the next express bus left shortly before 6:00 p.m.
The jury rejected the testimony of these two witnesses and after twenty minutes of deliberation convicted the defendant of armed robbery.
After a careful review of the record we conclude there are no errors patent.
Considering the victim's account of the robbery and her identification of the defendant as the perpetrator, reviewing the evidence in the light most favorable to the prosecution, the jury could have found that the essential elements of the crime of armed robbery were proved beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Fuller, 414 So.2d 306 (La.1982). While the defendant presented an alibi defense, it is clear that the jury was not convinced by the testimony of Huey Johnson and Eleanor Polk. The credibility of witnesses is for the trier of fact to determine. State v. Hughes, 436 So.2d 677 (La. App. 4th Cir.1983) writ denied, 440 So.2d 732 (La.1983).
Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 14:64:

(A) Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
(B) Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
[2] The robbery occurred less than one block from the Saenger Theatre which is several miles away in New Orleans' central business district.