YELVERTON, Judge.
Charged with second degree murder, R.S. 14:30.1, defendant, Clarence Willis, was convicted by a jury and given the 'mandatory sentence of life imprisonment without benefit of parole. He appeals the conviction arguing seven assignments of error, all of which attack unfavorable rulings of the trial court having to do with his plea of self-defense. We find no merit to any of these assignments and we affirm the conviction and sentence.
Defendant assigned eleven errors, but briefed only seven: numbers 3, 4, 5, 6, 9, 10 and 11; these are the only assignments we will consider, as assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
The facts are uncomplicated. Defendant and the victim, Jon Paul Stewart, met at the Lake Sharamee Club in Rapides Parish on the night of October 9,1982. Willis was there with his date, Clara Cole, to celebrate her birthday. Stewart, along with a juvenile friend of his, had walked to the club, where he divided his time inside drinking, and outside with his under-aged friend on the parking lot.
The victim, Stewart, and the defendant, Willis, knew each other. Several weeks earlier Stewart had helped Willis move from one house to another. On the night of the killing the victim had helped the defendant get his truck out of the ditch where it had become stuck on his arrival at the club. Both Stewart and Willis had been drinking before they got to the Lake Sharamee.
In the club, the victim first approached the defendant near the dance floor and pinched him, chiding him for leaving him stranded at. a store three weeks earlier. A little later, as Stewart and Willis shared a table with others, the victim crushed a plastic drinking cup in the defendant’s hand. At the request of another person seated there, the bouncer made the victim leave the table. He went and stood at the bar, staring in the defendant’s direction.
An hour passed, and the victim went outside and began to search for a ride home, talking the while with his juvenile friend. The defendant and Clara Cole then came out of the club, stopped next to a parked car, and began talking, facing each other, defendant facing the club and Clara facing the parking lot. Defendant had come armed to the club, a 9-shot, .22 caliber pistol in his boot. Before stepping outside the club, he had taken the gun from his boot and stuck it in his belt.
As Willis and Clara Cole stood talking, Stewart began walking in their general direction, which was also the general direction of the club. Clara Cole, who was facing Stewart, at this point said, “Oh, Lord, here he comes.” Defendant turned to face the oncoming person, pulled his pistol, and fired it at Stewart until there were no shots left. Hit five times, Stewart fell to the ground. Defendant went over to *224 him, kicked him in the head with his boot, then leaned over and beat him about the head with the empty pistol.
At the trial for Stewart’s murder, Willis pleaded self-defense. All of the assignments of error relate, in one way or another, to rulings of the trial court regarding evidence and argument on behalf of the plea of self-defense. We can group the assignments into four general arguments.
ASSIGNMENTS OF ERROR NOS. 3, 4 AND 6
Defendant admitted the killing. He sought to justify it as an act of self-defense. For this purpose, he tried to introduce evidence of the deceased’s reputation for violence, in the form of statements made by the victim himself to the defendant concerning his reputation for violence. He also wanted to offer evidence of prior acts of violence by the deceased. The trial judge would not allow the testimony, and his rulings are the basis for these assignments of error.
The rulings were correct because there was no appreciable evidence of an overt act or a hostile demonstration by the victim manifesting to the mind of a reasonable person a present intention on the victim’s part to kill or do great bodily harm.
LSA-R.S. 15:482 provides:
“In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.”
The Louisiana Supreme Court in State v. King, 347 So.2d 1108, 1110 (La.1977) defined “overt act” as follows:
“Overt act in this context [LSA-R.S. 15:482] means any act of the victim which manifests to the mind of a reasonable person a present intention on his part to kill or do great bodily harm.”
There can be no doubt that evidence of the dangerous character of the victim supports a plea of self-defense. This evidence is relevant to establish the accused’s apprehension and the reasonableness of his defensive measures. State v. Lee, 331 So.2d 455 (La.1975); State v. Brent, 347 So.2d 1112 (La.1977). Although, according to State v. Lee, supra, the trial court may not usurp the function of the jury by making a credibility determination of whether evidence in the record proves a hostile demonstration or overt act, there must be some showing with appreciable evidence to establish a foundation for introduction of the further evidence of the victim’s dangerous character. As stated in State v. Brent, 347 So.2d 1112 (La.1977):
“Under our statutes and jurisprudence, such evidence is not admissible until defendant has made a showing with appreciable evidence that the victim made a hostile demonstration or overt act against him at the time of the incident which would have manifested to a reasonable person that he was in danger of grave bodily harm or of being killed.’.’
In the present case, at the moment when defendant opened fire on the victim all the victim had done was to put his hand in his pocket and start walking in the general direction of the club and Willis. The defendant had his back to the victim. He could not have seen the deceased put his hand in his pocket. He could not have seen the deceased begin walking in his general direction. He responded to his girlfriend’s statement, “Oh, Lord, here he comes,” by spinning around and beginning shooting. He gave the victim no chance to explain or to say anything.
In addition, the coroner testified that, contrary to the defendant’s assertion, “the victim was not approaching the gunman head-on ...” All of the bullets entered the victim on his right side, which would be consistent with the victim either walking away from or turning away from his assailant. Even the girlfriend, Clara Cole, testified that the deceased did not try to attack them.
In our opinion, there was no appreciable evidence in the record tending to establish an overt act. These assignments of error are without merit.
*225 ASSIGNMENT OF ERROR NO. 5
The trial court would not let the defendant use a psychiatrist to testify that the killing was a defensive overreaction, and that the actions taken against the victim, although seemingly brutal, were not, from a psychiatric standpoint, inconsistent with measures taken in defense of self or others. This ruling is assigned as error.
In order for the psychiatrist to testify as to the effect of fear upon the defendant’s reaction, he would necessarily have had to testify as to those factors which induced the fear, and these factors would have included the very same evidence which we have just discussed, and found to have been inadmissible.
Defendant may have genuinely feared Stewart. Nevertheless, it does not appear from the record that Stewart made any threatening advance toward the defendant when he turned and shot him down. By the defendant’s own testimony, Stewart tried to run away but the defendant kept shooting. And, even after the victim fell to the ground severely wounded, apparently unable to harm anyone, the defendant did not desist, but went over and beat him with his pistol and kicked him until he was dead. Having done this to Stewart without any immediate and perhaps no prior provocation, evidence of the defendant’s perceived fear of the victim because of his reputation is irrelevant and inadmissible under the law and jurisprudence, just as explained in the discussion of assignments numbers 3, 4 and 6. This assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. 9 and 10
By these assignments the defendant argues that there was not sufficient evidence to support the conviction, particularly in that the state failed to prove that the homicide was not committed in self-defense and that the evidence did not exclude the reasonable hypothesis of self-defense.
First, it should be noted that there was both direct and circumstantial evidence presented in the court below. As such, the test to be applied on review to determine whether the evidence is sufficient to support a conviction is not whether it excludes every reasonable hypothesis of innocence, but, under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the test is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. State v. Guillot, 389 So.2d 68 (La.1980).
There is no doubt in this case that defendant killed Stewart, and that he had a specific intent to kill or inflict great bodily harm. The Jackson v. Virginia standard has been met insofar as proof of the elements of second degree murder is concerned. LSA-R.S. 14:30.1.
It is well settled, of course, that in a homicide prosecution where the defendant claims self-defense, the state must prove beyond a reasonable doubt, that the homicide was feloniously committed and was not perpetrated in self-defense. State v. Hicks, 395 So.2d 790 (La.1981). Applying the Jackson v. Virginia test to the sufficiency of proof that the defendant did not act in self-defense, the evidence leaves no reasonable room for doubt. There was no evidence tending to show that the victim was the aggressor. The coroner’s examination as well as eyewitness testimony clearly established that the victim was very intoxicated. As the defendant stood some six to eight feet or more away from him, with his back to the victim, the victim put his hand in his pocket and began walking in the general direction of the club and the defendant. Without seeing the victim, without any hesitation at all, and perhaps not even really knowing who was approaching, upon hearing his girlfriend say, “Oh, Lord, here he comes,” the defendant wheeled around and shot Stewart until he ran out of bullets. And then, as Stewart lay wounded, Willis went over to him and beat him to death. Thus it appears from the evidence that the defendant was not *226 provoked, was not attacked, and did not act in self-defense. As the defendant’s girlfriend, an eyewitness, testified, the victim did not attack them.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 11
Through this assignment of error, the defendant argues that the trial court erred in denying defendant’s post verdict motion in arrest of judgment. The defendant contends that the State has not proven the offense of second degree murder which in defendant’s view requires proof beyond a reasonable doubt of the absence of provocation. Briefly stated, the defendant argues that he was denied due process of law in that:
1. the laws of this state relieve the prosecution of the burden of proving, in a second degree murder prosecution, that an accused did not act in sudden passion or heat of blood;
2. the laws and jurisprudence of this state fail to give adequate guidelines as to who bears the burden of proving sudden passion or heat of blood and to what extent such party must carry that burden; and
3. the state failed to carry its burden of proof to negate provocation in this case.
Defendant herein was charged with second degree murder, a violation of La.R.S. 14:30.1:
“Second degree murder is the killing of a human being:
“(1) When the offender has a specific intent to kill or to inflict great bodily harm; ...”
Thus, the State was required to prove beyond a reasonable doubt that Willis killed Stewart, and that he specifically intended to kill or do great bodily harm to Stewart. As the defendant raised the issue of self-defense the State was also required to prove that the defendant did not act in self-defense.
The facts clearly establish that Willis shot and killed Stewart. Defendant does not deny this fact. The circumstances of the victim’s death — the numerous gunshot wounds, the pistol whipping, and the kicking — are themselves evidence that defendant, at the very least, meant to inflict great bodily harm upon Stewart.
The jurisprudence has established that “heat of blood” and “sudden passion” are not elements of the offense of manslaughter, but rather are factors in the nature of mitigating circumstances which may reduce the grade of homicide. State v. Tompkins, 403 So.2d 644 (La.1981).
As stated by the Louisiana Supreme Court in State v. Peterson, 290 So.2d 307 (La.1974):
“If passion reduces a homicide requiring the same scienter, specific intent, from murder to a less serious crime, manslaughter, then lack of passion may realistically be seen as the additional element which elevates a manslaughter to murder. The presence of passion, however, is in the nature of a defense and, for this reason, the additional ‘element’ of lack of passion need not be proven by the state in a murder prosecution. Therefore, the presence of passion is not an additional element of the crime of manslaughter; rather, it is a factor which exhibits a degree of culpability less than that present when the homicide is committed without passion caused by provocation.
[[Image here]]
“Additionally, a review of our manslaughter statutes ... reveals that the ‘sudden passion’ or ‘heat of blood’ provisions operate in a mitigatory fashion in a murder presecution [sic], not a great deal unlike provisions in the criminal law of other jurisdictions where such factors are considered to be ‘affirmative defenses’ to a charge of murder.” (footnote omitted)
And in State v. Temple, 394 So.2d 259 (La.1981), the court said:
“When the state has adduced sufficient evidence to obtain a murder conviction, yet the defendant is convicted of manslaughter, the state’s failure to prove elements such as ‘passion’ and ‘provocation’ is of no moment. Such ‘elements’ *227 are essentially mitigatory factors, bearing on the character of intent, which the jury is free to infer from the evidence.”
The defendant is not denied due process of law simply because the state is not required to prove the absence of provocation in a second-degree murder case. The only elements which the State was required to prove in this case were that the defendant killed Stewart, that defendant intended to kill Stewart or inflict great bodily harm upon him, and that defendant did not act in self-defense. There appears to be no reason why the State should ever be required to prove that an affirmative defense did not exist, other than to rebut the defendant’s assertions of such a defense. See Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).
This assignment is without merit.
For the reasons as stated, the conviction and sentence are affirmed.
AFFIRMED.