WARD, Judge.
Ervin Brooks was found guilty in Juvenile Court of criminal neglect of his daughter in violation of La.R.S. 14:74. Mr. Brooks appeals contending that the State failed to carry its burden of proof. We agree and reverse.
Additionally, the State filed a motion to dismiss this appeal for lack of jurisdiction after both the defendant and the State filed briefs with this court. This motion raises the question of whether an adult offender convicted of a misdemeanor in juvenile court has a right of appeal pursuant to Article 5, Sec. 10 of the 1974 Louisiana Constitution as amended by Acts 1980, No. 843. The amendment provides in its pertinent part:
(A) Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matter, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit.

Because appeals are favored in the law, U.S. Fire Insurance Co. v. Swann, 424 So.2d 240 (La.1982), we choose to follow a literal interpretation of this provision which gives the appellate courts jurisdiction over all matters appealed from the family and juvenile courts. Therefore, we find courts of appeal have jurisdiction over an adult offender who appeals from a conviction of criminal neglect of family from the juvenile court.
Eula and Ervin Brooks were married in 1976. One daughter was born of the marriage. The couple separated in September 1978, immediately after the birth of their child. They were divorced in 1981.
Mrs. Brooks testified that Mr. Brooks never gave money but provided the child with whatever was needed through 1979. She also testified that she left New Orleans in 1981 and never tried to contact Mr. Brooks until December 1982. Mrs. Brooks said she never asked for any specific amount of money, nor did she ever tell Mr. Brooks where to send support. At the time *63 of this complaint, Mrs. Brooks was taking home $759.00 per month.[1]
Mr. Brooks testified that he never knew where Mrs. Brooks and his daughter lived after they left New Orleans. He also testified that he lost his job and now lives with his mother.
In order to convict a parent of criminal neglect of family the State must prove that the parent intentionally failed to support his child, that the parent had financial means to provide support, and that the child was in necessitous circumstances. State v. Moran, 400 So.2d 1359 (La.1981); La.R.S. 14:74. Necessitous circumstances means food, shelter, clothing, health, education, and comfort. Moran at 1363, footnote 7.
Without considering other elements of the crime which must be proven, the record is void of evidence that the child was deprived of the basic necessities. Therefore, the State has failed to prove an essential element of the crime, i.e., that the child was destitute or in necessitous circumstances.
Accordingly, we reverse.
REVERSED.

. This amount consists of $235.00 every two weeks take home pay; $190.00 per month welfare payments; and $199.00 per month in food stamps.