485 So.2d 630 (1986)
STATE of Louisiana
v.
Eric R. JACKSON.
No. CA-4071.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
*631 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Jami I. Mitchell, Pamela L. Hershey, Asst. Dist. Attys., New Orleans, for appellee.
D. Douglas Howard, Jr., New Orleans, for appellant.
Before REDMANN, C.J., and KLEES and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Eric R. Jackson, was charged by bill of information with criminal neglect of family for failing to provide support for his minor son, Eric R. Jackson, Jr., a violation of LSA R.S. 14:74.[1] Defendant was *632 arraigned on November 9, 1984 and pled not guilty. Trial was held on March 29, 1985. Defendant was found guilty as charged and was sentenced to serve six months in the Orleans Parish Prison. This sentence was suspended and defendant was placed on five years probation with the condition that he pay $45.00 per week for the support of his minor child, plus court costs.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1) The State failed to prove that the juvenile court of Orleans Parish had jurisdiction or venue over this matter.
2) The evidence in the case was insufficient to support defendant's conviction and sentence;
3) The trial court erred in its conduct of the trial.
ASSIGNMENT OF ERROR 1:
Defendant asserts that the state failed to establish jurisdiction and venue in the Orleans Parish Juvenile Court as required by LSA R.S. 15:191.[2] We disagree. The record clearly reflects that the complainant, Sheila Calhoun, testified at trial as follows:
"The Court to Sheila Calhoun:
Q. Give us your name for the record.
A. Sheila Calhoun
Q. You live in Orleans Parish?
A. Yes."[3]
Ms. Calhoun's testimony is further corroborated by the testimony of her son, Eric Jackson:

*633 "Mr. Parker to Eric Jackson (child):
Q. And, Eric, what is your address?
A. 1442 N. Roman."
Thus, the record contains sufficient proof that the requirements of LSA R.S. 15:191 have been met. This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant asserts that the state failed in its burden to prove any of the essential elements of the crime of criminal neglect of family as a matter of law.
When assessing the sufficiency of evidence to support a conviction, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306, 310 (La.1982).
Defendant was charged with criminal neglect of family for failing to provide support for his minor son, Eric Jackson, Jr., a violation of LSA R.S. 14:74. In order to obtain a conviction the state must prove (1) defendant intended to not support his minor child, (2) that defendant had the means and ability to provide support for his minor child, and (3) the child was in necessitous and destitute circumstances. To convict a parent of criminal neglect of family, the prosecution must prove more than the defendant's breach of his civil obligation imposed by C.C. art. 227 to support his minor child. The state must prove beyond a reasonable doubt each of the essential elements of LSA 14:74. State v. Guillot, 389 So.2d 68 (La.1980); State v. Brooks, 465 So.2d 61 (La.App. 4th Cir. 1985).
In State v. Cheatwood, 458 So.2d 907 (La.1984), the Louisiana Supreme Court stated:
"Criminal neglect of family is a general intent crime. LSA R.S. 14:10 and 11. Since the prohibited conduct is the `negative act' of failing to perform an affirmative duty of support the `intentional non-support' element of the crime is proved by evidence that (1) the parent failed to provide support and (2) the parent was or under the circumstances should have been, aware of the need for support." supra, at p. 910.
The record clearly reflects that the criminal charges complaint form completed and signed by Sheila Calhoun on September 14, 1984 stating that she had not received support from defendant for the minor child was stipulated to by defense counsel. Thus, there is sufficient evidence that defendant failed to provide support. The next question is whether defendant "was or under the circumstances should have been aware of the need for support." Cheatwood, supra.
The record reveals that following the birth of the minor child, Sheila Calhoun received Aid to Families with Dependent Children (AFDC) until June of 1983. During this entire period of time and as late as 1984, defendant not only knew of the birth of the child, but visited with the child often and spent a considerable amount of time with the child. In addition, defendant was contacted by the Louisiana Department of Health and Human Resources (DHHR), who, pursuant to LSA R.S. 46:236.1(B)(1), informed defendant that his minor child was a recipient of AFDC. Pursuant to the authority given to DHHR in LSA R.S. 46:236.1, defendant thru that agency, executed an Act of Acknowledgement on April 6, 1982 formally acknowledging his paternity of the minor child. Thus, the evidence is clear that defendant was indeed aware of the need for support by his minor child. The record also reflects that at the time the original charge was filed, Sheila Calhoun had no income and at the time of trial she had net income from her job at the Fairgrounds Racetrack of $23.23 per week.
Defendant alleges that the State failed to prove that he had the financial means or ability to provide support or that the minor child was in destitute or necessitous circumstances.
*634 Defendant takes exception to the finding of the trial court that he had the means to pay support based solely on the testimony of the minor child that defendant worked for the fire department. The testimony of the minor child reflects that he had more than a passing acquaintance with his father. He testified that he spent considerable time with his father, that his father took him to the fire station where he worked as a fireman, that his father maintained a home and owned several motorcycles, a car, video tape recorder and television.
The trial judge concluded, and we find no error in that conclusion, that defendant had the means to provide support. The credibility of witnesses is left for the trier of fact to determine. State v. Lee, 458 So.2d 533 (La.App. 4th Cir.1984). In her reasons for judgment, the trial court stated "... it is only logical to conclude that he (defendant) must have an income significantly greater than $23.23 per week in order to maintain such a lifestyle."
In Cheatwood, supra, the Court stated:
"A person's otherwise criminal conduct may be justified under certain circumstances. See La.R.S. 14:18. Physical inability to perform an affirmative duty is statutorily recognized as a defense which negates criminal responsibility. Since "justification" defenses are not based on the nonexistence of any essential element of the offense, but rather on circumstances which make the accused's conduct excusable on policy grounds, such defenses should be treated as affirmative defenses which the accused must establish by a preponderance of evidence. Moreover, in cases involving criminal neglect of family, the Legislature apparently intended for physical incapacity to be an affirmative defense, because La.R.S. 14:74B includes the provision that `[p]hysical incapacity which prevents a person from seeking any type of employment constitutes a defense to the charge of criminal neglect of family.' Therefore, a parent who knowingly fails to support his children who are in necessitous circumstances may nevertheless escape culpability by establishing (by a preponderance of evidence) that his failure to perform his affirmative duty was caused by `physical impossibility' (such as physical incapacity to work or perhaps lack of opportunity for work without fault on the parent's part)....
Therefore, defendant had the burden to prove the affirmative defense by a preponderance of the evidence." pp. 910-911.
Although, under cross-examination the child testified that his father was hurt in a motorcycle accident, there was no affirmative defense offered that this caused defendant to be physically unable to work. Commenting on that testimony, the trial judge stated in her reasons that "the defendant appeared in Court to be healthy and well-nourished and free of any immediately apparent physical handicaps or limitations." Once the state proved the elements of the crime, it became defendant's burden to prove any affirmative defenses. The evidence offered by the state was sufficient to prove that defendant had the ability and means to provide support. Defendant asserted no affirmative defense to negate this element of the crime of neglect of family.
Defendant further argues that "necessitous circumstances" consists of food, shelter, clothing, health, education and comfort in light of the circumstances of all persons involved, State v. Moran, 400 So.2d 1359 (La.1981); State v. Brooks, supra, and maintains that at the time of trial Sheila Calhoun was still employed and was residing with a male friend who contributed these necessities to the minor child. The record clearly reflects that at the time the original charge was filed Sheila Calhoun had no income. At the time of trial, Ms. Calhoun was employed at the Fairgrounds Racetrack with only two more weeks of employment and no prospects of future employment. Her last pay check from the previous week was for $23.23. Even when employed full time, she only earned $111.67 *635 per week out of which she had to support herself and two children.[4]
In her reasons for judgment, the trial court found that $111.67 per week "could barely be deemed sufficient to support her two (2) children and herself". We agree.
Defendant also argues that the support from Ms. Calhoun's male friend must be considered in determining destitute and necessitous circumstances of the child. We disagree. In State v. Fabre, 396 So.2d 1301 (La.1981), defendant's wife and minor child were residing with the maternal grandfather who provided food and shelter and who assured his daughter that he would not turn them out or let them starve. The Supreme Court in addressing this issue, stated:
"We conclude that these facts are sufficient to meet the requirements of Jackson v. Virginia, supra. The law does not require that the wife and child be reduced to begging from relatives and friends for continued existence.... His attempt to shoulder that responsibility was only to offer to provide an account of some sort at a grocery store to permit them to buy groceries of an unknown amount, and to offer to reimburse some of the medical bills. We are unable to ascertain from the record, nor should we be required to ascertain on this examination how much weight the judge assigned to these items in his consideration of the evidence. The test is satisfied if any rational trier of fact, viewing the evidence in the light most favorable to the prosecution could have found the necessary proof of guilt." Id. at 302.

The father argues that the evidence does not justify fixing $45.00 a week for the support of his child as a condition of his probation in that it does not establish that he is able to pay that amount. R.S. 15:305 B allows as a condition of probation that "the defendant may be required to provide for the support of any persons for whose support he is legally responsible". The evidence does show that $45.00 a week is an amount appropriate to the needs of defendant's son. If it is inappropriate to the ability of defendant to pay, for whatever reason, he may move the juvenile court to reduce it (and may present evidence that he could not have presented at trial without waiving his right against self-incrimination). But that is no ground for reversing his conviction.
ASSIGNMENT OF ERROR 3:
In his final assignment of error, defendant asserts that the trial court committed the following errors during trial: that the granting of a recess of the trial and continuance to another date after the first witness was sworn in constituted double jeopardy; that admitting into evidence the Act of Acknowledgement was error because it was a confession of guilt and the state did not prove it was freely and voluntarily given; that the proper foundation was not laid when the state questioned the representative from the Department of Vital Records before allowing into evidence the original Act of Acknowledgement and altered birth certificates and that the trial court improperly questioned prosecution witnesses in an attempt to aid the prosecution. We find no merit in any of these allegations.
We resolve the double jeopardy issue by pointing out that a trial court has the discretion to recess a trial. See, La.C. Cr.Pro. art. 708. There is no authority to support the argument that a recess constitutes double jeopardy.
Furthermore there is no showing that defendant's Act of Acknowledgement was made as a result of a custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) defines custodial interrogation as "... questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way". Id. at 444, 86 S.Ct. at 1612. The U.S. Supreme Court has repeatedly held that Miranda does not apply until interrogation becomes custodial. See, Oregon v. Mathiason, 429 U.S. 492, 97 *636 S.Ct. 711, 50 L.Ed.2d 714 (1977). Therefore, the admission by defendant in the instant case is not subject to the Miranda requirements.
We find that the proper questions were asked the representative from the Department of Vital Record and thus the proper foundation was laid for introducing the original Act of Acknowledgement and altered birth certificate.
We find the trial court's questioning of witnesses was at all times proper and was conducted in an effort to maintain and restore order to the proceedings and to clarify certain matters which were confused by defense counsel's persistent effort to disrupt the conduct of the trial. The record reveals that counsel for defendant repeatedly interrupted witnesses and the prosecutor and, amongst other things, accused the Court and the prosecutor of venting personal hostility and having personal vendettas against him. We find the trial court displayed considerable patience and restraint in not holding defense counsel in contempt for his flagrant acts of misconduct, disrespect and contempt for the court proceedings. This assignment of error is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA R.S. 14:74:

"A. (1) Criminal neglect of family is the desertion or intentional nonsupport:
(a) By a spouse of his or her spouse who is in destitute or necessitous circumstances; or
(b) By either parent of his minor child who is in destitute or necessitous circumstances, there being a duty established by this Section for either parent to support his child.
(2) Each parent shall have this duty without regard to the reasons and irrespective of the causes of his living separate from the other parent. The duty established by this Section shall apply retrospectively to all children born prior to the effective date of this Section.
B. Whenever a husband has left his wife or minor child or a wife has left her husband or minor child in destitute or necessitous circumstances and has not provided means of support within thirty days thereafter, his or her failure to so provide shall be only presumptive evidence for the purpose of determining the substantive elements of this offense that at the time of leaving he or she intended desertion and nonsupport. The receipt of aid to families with dependent children (AFDC) shall constitute only presumptive evidence of necessitous circumstances for purposes of proving and substantive elements of this offense. Physical incapacity which prevents a person from seeking any type of employment constitutes a defense to the charge of criminal neglect of family.
C. Laws attaching a privilege against the disclosure of communications between husband and wife are inapplicable to proceedings under this Section. Husband and wife are competent witnesses to testify to any relevant matter.
D. (1) Whoever commits the offense of criminal neglect of family shall be fined no more than five hundred dollars or be imprisoned for not more than six months, or both, and may be placed on probation pursuant to R.S. 15:305.
(2) If a fine is imposed, the court shall direct it to be paid in whole or in part to the spouse or to the tutor or custodian of the child, to the court approved fiduciary of the spouse or child, or to the Louisiana Department of Health and Human Resources in an AFDC case or in a non-AFDC case in which the said department is rendering services, whichever is applicable; hereinafter, said payee shall be referred to as the "applicable payee." In addition, the court may issue a support order, after considering the circumstances and financial ability of the defendant, directing the defendant to pay a certain sum at such periods as the court may direct. This support shall be ordered payable to the applicable payee. The amount of support as set by the court may be increased or decreased by the court as the circumstances may require.
(3) The court may also require the defendant to enter into a recognizance, with or without surety, in order that the defendant shall make his or her personal appearance at court whenever required to do so and shall further comply with the terms of the order or of any subsequent modification thereof.
E. For the purposes of this Section, "spouse" shall mean a husband or wife.
[2] LSA R.S. 15:191:

"When any person shall desert or intentionally not support his family in violation of R.S. 14:74, the offense may be prosecuted and punished:
(1) In the parish where the person owing the duty of support resides or is found, or
(2) In the parish where the last matrimonial domicile was established, or
(3) In the parish where the person (or persons) to whom the duty of support is owed establishes a bona fide residence, provided that this provision shall be effective only if the person to whom the duty of support was owed was justified in establishing a separate residence."
[3] In addition, Sheila Calhoun's subpoena return (Vol. 1, p. 81 of the record) shows personal service at 1442 N. Roman St., New Orleans, La.
[4] Ms. Calhoun has a five year old child who is not the child of defendant.