KNOLL, Judge.
Defendant, John A. Poullard, was charged by bill of information with attempted second-degree murder, a violation of LSA-R.S. 14:27 and 14:30.1. The jury was selected on February 4,1987. On February 18, 1987, the morning that trial was set to commence, outside the presence of the jury and prior to any witness giving testimony, the State moved for a recess to allow it to secure the presence of the victim; after oral arugment, the trial court recessed the trial until February 20, 1987. By a vote of 11 to 1, the jury convicted defendant of the crime charged. Defendant was sentenced to serve 50 years at hard labor. Relying on four assignments of error, he seeks reversal of his conviction. Defendant has also filed a motion in this court to correct the transcript. We affirm.
FACTS
Defendant and Sharrall Perks, the victim, had a close relationship for three months. Two days before the offense their relationship ended. In the early morning *329 hours of August 23, 1986, defendant went to Sharrall’s home located in Eunice under the pretense of getting a battery from her grandmother’s automobile which he purchased during their relationship. Sharrall told him from her bedroom window that if he took the battery, she would call the police. Defendant responded, “Bitch, you’re going to die before tomorrow”.
Sharrall called the police and explained what had transpired. Approximately thirty minutes after the police left, three shots were fired from outside the house through her bedroom window. One of the shots hit her in the stomach while she was in bed.
After the shooting, defendant went to the home of Renaldo Smith, one of his friends, and asked him to telephone the hospital to check on Sharrall’s condition. Later that morning, defendant admitted to Lee Patrick Morrison and Donald Godfrey that he shot her. From an anonymous tip, the police went to defendant’s apartment, eventually found him hiding in the attic and arrested him.
MOTION TO CORRECT TRANSCRIPT
Defendant contends in his motion that the district court has improperly labeled the transcript so as to conceal the actions of the court on February 18, 1988, the date defendant’s trial was recessed.
The occurrences of February 18, 1988, are clearly set forth in the record. First, we note that at the beginning of the transcript on page 5, the court minutes reflect that the motion for recess was called and continues with a synopsis of the treatment of that motion. Second, at the top of page 228, prior to any transcription of evidence that was adduced at the trial on February 29, 1988, the court reporter prefaces the next 18 pages with the caption, “February 18, 1987 — Jury Trial of State v. John Poul-lard — Recessed to Friday.” The record provides us with an orderly, well documented presentation of the State’s contested motion for recess, and in no way exhibits any attempt on the lower court’s part to deceive us as to what occurred on February 18, 1988. Therefore, defendant’s motion is denied.
TRIAL RECESS
Defendant asserts that the trial court erred in granting the State’s motion for a recess on February 18, 1987, after the trial started. First, defendant contends that the State was not entitled to a recess to secure the appearance of the victim. Secondly, he maintains that by granting the two day recess after the trial began, the trial court violated the prohibition against double jeopardy.
LSA-C.Cr.P. Art. 708 provides:
“A continuance is the postponement of a scheduled trial or hearing, and shall not be granted after the trial or hearing has commenced. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced.”
In the case sub judice, after the jury was impaneled, the State moved for a recess based on the absence of its key witness, the victim. After conducting a hearing out of the presence of the jury, the trial court ordered the trial recessed for two days.
The granting of a recess is a matter within the sound discretion of the trial court, and will not be reversed in the absence of a showing of an abuse of that discretion. State v. Jones, 412 So.2d 1051 (La.1982). In the present case, we find no abuse of discretion. The record contains evidence that Sharrall vacillated in her cooperation with the State, and earlier during the pre-trial stage of the prosecution, the trial court was forced to issue a material witness warrant to secure her appearance in court. Prior to trial, the State was in contact with Sharrall and she stated that she would appear as a witness. Although the State issued a subpoena for her attendance at trial, the Sheriff’s Office was unable to make service on her. After thoroughly reviewing the record, it is clear that the State tried through compulsory process and informal cooperation to assure Shar-rall’s appearance; therefore, we find that it was not unreasonable for the trial court to allow a recess rather than dismiss the charges against defendant.
*330 The defendant next argues that the recess resulted in his twice being placed in jeopardy for the same offense. We disagree. There is no jurisprudence or statutory authority that holds that the granting of a recess per se constitutes double jeopardy. State v. Jackson, 485 So.2d 630 (La.App. 4th Cir.1986). The trial court does not abuse its discretion in recessing a trial due to the temporary unavailability of a State witness when there is no allegation of prejudice. State v. Charles, 350 So.2d 595 (La.1977). In the case sub judice, the defendant has made no allegations that he was prejudiced by the two day delay in resuming his trial.
Therefore, this assignment of error is without merit.
STATE’S REBUTTAL TESTIMONY
Defendant contends that the trial court erred in allowing Lee Patrick Morrison and Donald Godfrey to testify about inculpato-ry statements defendant made to them regarding his involvement in the shooting. We find this issue is not properly before us.
An irregularity or error can not be urged after verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. Art. 841. Failing to allow the trial court to correct such errors when they occur, constitutes a waiver of objection on appeal. State v. Willis, 438 So.2d 605 (La.App. 3rd Cir.1983). In the present case, defendant made no objection for the record when the testimony of Lee Patrick Morrison and Donald Godfrey was admitted during rebuttal. Accordingly, defendant may not now raise this issue.
Nevertheless, we find that the statements of Mr. Morrison and Mr. God-frey were properly admitted. In a recorded bench conference, the State agreed not to use defendant’s inculpatory statements to these two witnesses, unless defendant testified and denied making the statements. Defendant took the stand at trial and denied any involvement in the crime. Furthermore, he also denied making statements to Mr. Godfrey and Mr. Morrison that he shot Sharrall and disposed of the gun. After the defense rested, the State called Mr. Morrison and Mr. Godfrey in rebuttal to impeach defendant’s denials. When an accused takes the witness stand he is subject to all rules applying to other witnesses, including those which allow a witness’ testimony and credibility to be impeached by proof of a prior inconsistent statement. State v. McGraw, 366 So.2d 1278, 1281 (La.1978). Defendant’s statements to Mr. Godfrey and Mr. Morrison were not given as a result of custodial interrogation, rather they were given freely and voluntarily in the course of conversation with defendant’s friends.
Therefore this assignment of error is without merit.
INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant contends that he was denied effective assistance of counsel because of police interference with defense counsel’s investigation. In particular he contends that on the morning of trial the police improperly prevented defense counsel from discussing with Sharrall that she said that defendant had not threatened her on the evening of the shooting.
When Sharrall testified, she stated on cross-examination that she could not remember making a statement prior to trial to defense counsel that defendant had not threatened to shoot or kill her if she called the police just prior to the shooting. In rebuttal, defense counsel took the stand, and testified to the contrary.
The facts of this case do not support defendant’s allegations that police interference caused him to have ineffective assistance of counsel. Defense counsel’s testimony is clear that he was' able to prepare his defense and he was able to speak to Sharrall prior to trial. Accordingly, we are not faced with the problem addressed in State v. Hammler, 312 So.2d 306 (La.1975), where the State advised the witnesses not to speak to defense attorneys. Since defense counsel testified as to the alleged inconsistent statement Sharrall made to him prior to trial, the necessity of her con *331 firmation of that statement on the morning of trial was obviated, and the question of her credibility was squarely placed before the jury for assessment and evaluation, Therefore, defendant failed to establish that this action prejudiced his defense in any way.
DECREE
For the foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.