424 So.2d 240 (1982)
U.S. FIRE INSURANCE COMPANY
v.
Ellen Tooley SWANN, individually and as administratrix of the Succession of Francis E. Swann.
No. 82-C-1143.
Supreme Court of Louisiana.
November 29, 1982.
*241 Frank M. RePass, III, Deutsch, Kerrigan & Stiles, New Orleans, for relator.
Edward A. Shamis, Jr., Shamis, Jolissaint & McCreary, Slidell, Leonard A. Young, Beinvenu, Foster, Ryan & O'Bannon, New Orleans, for respondent.
CALOGERO, Justice.
We granted writs in this case to consider whether the Court of Appeal, 411 So.2d 1173 (1982), erred when it dismissed as untimely an appeal by Ellen Tooley Swann[1] from a district court judgment against Ms. Swann and in favor of U.S. Fire Insurance Company. For the reasons which follow we determine that Swann did timely appeal the pertinent judgment in U.S. Fire's favor, and that accordingly the Court of Appeal's dismissal of the appeal was improper.
Ellen Tooley Swann and her now deceased husband, Francis E. Swann, owned a building out of which they operated a supply business. They sold the business (partially on credit) to James E. Daspit and his wife, Janet, and leased the building to the Daspits as well. The Daspits insured their business contents with U.S. Fire.
The building and its contents were destroyed by fire on September 20, 1978; purportedly the fire was caused by defective wiring in Swann's building.
Three separate lawsuits were thereafter filed. The Daspits sued Swann for damages arising out of the fire.[2] Swann sued the Daspits for the unpaid portion of the business purchase price (claiming $36,277.15 remained unpaid on a $46,000.00 promissory note).[3] U.S. Fire, alleging it had paid the Daspits $75,000.00, the limits on a fire policy for losses incurred because of the fire, and alleging that they were subrogated to a portion of the Daspits' claim, sued Swann seeking recovery of the $75,000.00.[4]
On August 1, 1979 on motion of Swann, the U.S. Fire suit (No. 56,126) was consolidated with the previously filed lawsuits Nos. 54,668 and 54,773. Trial on the merits of the three consolidated cases was held on November 5, 1980. On July 9, 1981, the trial judge issued reasons for judgment in the matter. Essentially the court found that fault lay with Swann because the fire was caused by defective wiring in the building. He found that the damages to which the Daspits were entitled amounted to $105,000.00; that Swann was entitled to recover from the Daspits $25,548.18 (plus interest and attorney's fees), the balance due on the Daspits' promissory note; and that United States Fire, as subrogee, was entitled to a $75,000.00 portion of the $105,000.00 Daspit damages. Thus he recited that the court would award the Daspits "the sum of $105,000.00 subject to the claim of United States *242 Fire Insurance Company in the amount of $75,000.00 and the claim of Mrs. Swann."
The trial judge concluded his reasons by reciting, "the court will sign a judgment in accordance with these reasons when one is presented to it."
The reasons for judgment were issued under the following caption and number:
 JAMES E. DASPIT and his wife, NUMBER 54668
 JANET S. DASPIT
 d/b/a SWANN SUPPLY 22ND JUDICIAL DISTRICT COURT
 PARISH OF ST. TAMMANY
 VERSUS
 STATE OF LOUISIANA
 ELLEN TOOLEY SWANN, widow of
 FRANCIS E. SWANN, Individually and
 Administratrix of the Succession of
 FRANCIS E. SWANN
At this juncture the attorneys did not, as contemplated by the trial judge, present a single judgment in the three consolidated cases conforming with the trial judge's reasons. Rather, respective counsel for U.S. Fire and the Daspits presented, and had the judge sign, separate judgments on July 15, 1981 and July 17, 1981.
The July 15, 1981 judgment, under No. 56,126 awarded U.S. Fire $75,000.00 plus costs and legal interest against Swann. The July 17, 1981 judgment, under No. 54,668, awarded the Daspits against Swann $105,000.00, costs and legal interest, and in a separate paragraph it awarded Swann against the Daspits $25,545.18 plus legal interest and attorney's fees. This latter judgment did not recite, as it should have, that $75,000.00 of the $105,000.00 Daspit award belonged to U.S. Fire.
As a result of the signing of the two judgments as presented, in the latter of which the $105,000.00 Daspit award was not made subject to credit for U.S. Fire's $75,000.00 entitlement, Swann was cast in judgment for $75,000.00 more than was intended by the trial judge in his written reasons.
Counsel for Swann opted not to have the judgments corrected by way of a motion for new trial, but instead, chose to seek his relief by way of appeal.[5] Accordingly on August 7, 1981, counsel for Swann filed a petition and order for suspensive appeal.[6] This petition was captioned and numbered exactly as the trial court's reasons for judgment, that is, No. 54,668, "James E. Daspit and his wife, Janet S. Daspit, d/b/a Swann Supply v. Ellen Tooley Swann, widow of Francis E. Swann, Individually, and as Administratrix of the Succession of Francis E. Swann." The petition was signed on August 25, 1981, and a bond of $130,000.00 was set.
On August 27, 1981, the deputy clerk of the district court sent out a notice of appeal to counsel for all parties to all three consolidated cases. The notice of appeal indicated that all three cases were being appealed, although in the body of the notice reference was made only to a judgment of July 17th. There was also sent by the Minute Clerk a letter to counsel for Swann, which in addition to indicating that all three cases had been appealed, advised him that costs would have to be paid within twenty days.
*243 On August 28, 1981, Swann filed the suspensive appeal bond for $130,000.00. The bond was captioned and numbered in the same manner as was the petition for the appeal.
On September 28, 1981, the deputy clerk for the district court contacted counsel for Swann and questioned him concerning what was on appeal, informing him that someone from U.S. Fire was requesting a certificate of no appeal. Counsel allegedly informed the deputy clerk that all three of the consolidated cases had been appealed on August 7, 1981, and that the same was reflected by the notice of appeal and the letter concerning payment of costs.
On September 29, 1981, the deputy clerk of the district court signed a "Certificate of No Appeal" for the case of U.S. Fire v. Swann, docket number 56,126. On this same day, the same deputy clerk sent a letter to counsel for all parties stating that the previously issued notice of appeal, indicating that all three cases had been appealed, was in error, and that "the only case that was appealed is number 54,668."
On September 30, 1981, counsel for Swann received a letter from counsel for U.S. Fire demanding payment of the judgment and reciting that the July 15th judgment in U.S. Fire's favor was final.
Thereafter, counsel for Swann on October 2, 1981, filed a motion in the district court contending that the previously signed judgments contained errors, in that they were not in conformity with the written reasons for judgment. He requested that an amended judgment be signed correcting those errors. Such an amended judgment was signed by the judge on that date. That amended judgment consolidated the two prior judgments into one. There was judgment U.S. Fire against Swann of $75,000.00 plus interests and costs; judgment Swann against Daspit of $25,545.18 plus interests and attorneys fees; and judgment Daspit against Swann of $105,000.00 plus legal interest, the latter, however, "subject to a credit of $75,000.00 reflecting the amount received by Mr. Daspit from U.S. Fire Insurance Company."
Thereafter, on October 15, 1981, another petition and order for appeal was filed and signed, and another bond was filed, but for $135,000.00, the additional $5,000.00 apparently to take into account accumulating interest. The record in the three cases was lodged in the Court of Appeal on December 2, 1981, and a lodging notice was mailed that day.
On December 3, 1981, counsel for U.S. Fire filed a motion to dismiss the appeal. It was argued, in the brief in support of the motion to dismiss the appeal, that the judgment in favor of U.S. Fire, signed on July 15, 1981, had become final on September 29, 1981 when the delays had run for filing an appeal, without an appeal having been filed.[7] It was further argued that the amended judgment obtained on October 2, 1981 did not change the judgment of July 15, 1981 and, therefore, did not start the appellate delays running anew. Consequently, it was argued that the appeal of the case of U.S. Fire v. Swann, District Court No. 56,126, should be dismissed as not timely perfected.
A "Show Cause Order" was sent to counsel for Swann requesting him to answer, *244 by brief, the motion to dismiss. Finally, on March 2, 1982, judgment was rendered by the Court of Appeal dismissing the appeal in that case (No. 56,126). The court correctly concluded that the appeal of one consolidated case with a separate judgment does not automatically effect an appeal of all other cases consolidated therewith. However, the court neglected to consider whether Swann's original petition and order of appeal was in fact for all three cases and not just for one of the consolidated cases. We granted writs to consider that question.
Counsel for Swann contends that the appeal of the U.S. Fire case was timely perfected by the petition and order for appeal filed on August 7, 1981 and signed on August 25, 1981. In support of this contention, he argues that he used the one caption and number as a short reference to all three cases, just as did the trial judge in his written reasons for judgment. However, it was his intention to appeal all three cases. That intention was sufficiently evident to the clerk, for the clerk's notice recited that all three cases had been appealed, and thus the same was evident to U.S. Fire upon receipt of the clerk's notice, he contends.
Counsel for U.S. Fire attempts to refute Swann's contention by directing our attention to the fact that the petition and order for appeal only referred to a judgment of July 16, 1981,[8] and the notice of appeal, although naming all three cases by number, only referred to the judgment of July 17, 1981. Likewise, counsel for U.S. Fire points out that the bond did not make reference to the fact that $75,000.00 was owed to U.S. Fire, although counsel concedes that the bond did specify that $105,000.00 was owed to the Daspits and that the $130,000.00 was "for the benefit of any appellee, for any liability that may accrue in favor of any appellee on account of this appeal."
The cases upon which United States Fire relies, Darouse v. Mamon, 201 So.2d 362 (La.App. 1st Cir.1967), Reed v. Pittman, 257 La. 389, 242 So.2d 554 (1970) and Prince v. Paretti Pontiac, 262 So.2d 826 (La.App. 4th Cir.1972) are distinguishable because in none of them was there under consideration the same issue as presented here, namely, whether an appeal was in fact taken in each of the three cases consolidated for trial in the district court. In the cited cases it was conceded that an appeal had not been taken in one or more of the consolidated cases, but argued that an appeal should nevertheless be permitted because of the timely appeal of one of the other cases.
We will now consider whether Swann's was an appeal of the adverse judgments in all three cases. There are certain principles which guide us in this determination.
First of all there is the philosophy underlying the Code of Civil Procedure, as stated by Henry G. McMahon, coordinator of the Code of Civil Procedure in the introduction to the Code:
The new code embodies procedural rules designed to permit the trial of a case to serve as a search for the truth, and to have its decision based on the substantive law applicable, rather than upon technical rules of procedure.
This procedural philosophy is embodied in La.C.C.P. art. 5051, which provides:
The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.
In recognition of the fact that procedural rules are merely to implement the substantive law, as well as the fact that appeals are constitutionally guaranteed (La. Const. art. V, § 5 and § 10), this Court has consistently held that appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. An appeal is not to be dismissed for a mere technicality. Davidge v. Magliola, 346 *245 So.2d 177 (La.1977); Howard v. Hardware Mutual Company, 286 So.2d 334 (La.1973); Louisiana Power and Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970); Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968); Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (1967). Unless the ground urged for dismissal is free from doubt, the appeal should be maintained. Gulf States Utilities Co. v. Dixie Electric Membership Corp., 248 La. 458, 179 So.2d 637 (La.1965); Emmons v. Agricultural Ins. Co., 245 La. 411, 158 So.2d 594 (La. 1963).
In accord with these principles, La.C. C.P. art. 2161 provides in pertinent part:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. (Emphasis provided.)
The implication from this article is that irregularities, errors or defects, as relates to an appeal, imputable in large measure to others than the appellant, will not defeat the right to an appeal.
The confusion arising in this case was caused by the combined errors of the trial judge, counsel for U.S. Fire, counsel for the Daspits, the deputy clerk, and counsel for appellant. Therefore, dismissal of Swann's appeal of the U.S. Fire judgment, because of these technical errors, is not in keeping with the principles noted above.
Initially, the three separate cases were consolidated for trial. The trial judge's written reasons for judgment referred to and disposed of the issues in all three cases under the single caption and number of the first filed, lowest numbered case. Then, contrary to the trial court's directive in the reasons for judgment that a single judgment in conformity with the reasons be prepared by all counsel for the litigants, two separate judgments bearing the numbers assigned to two of the suits, judgments which together did not conform with the reasons for judgment but which did treat of the claims in all three cases, were presented by counsel for the Daspits and for U.S. Fire, and, unfortunately, signed by the trial judge.
At this point, counsel for Swann, in petitioning for his order of appeal, used in his pleading the same caption and number as did the trial judge in his reasons for judgment. This did not, perhaps, clearly indicate that judgments in all three cases were being appealed. Nevertheless, the clerk of court apparently understood what Swann intended for he sent out the "Notice of Appeal" to the attorneys for all the parties indicating on that notice that an appeal was being taken in all three cases. Thus, whatever the ambiguity in Swann's petition for an order of appeal, it was clarified by the notification to all parties that an appeal was being taken in each of the three cases.
At the time the notice of appeal was sent, counsel for Swann still had thirty days left to perfect a devolutive appeal in the U.S. Fire case. Had the notice from the clerk of court indicated that he had not already done so he would have been able to appeal timely in that lawsuit. Instead, it was not until after appellant's delays had run that he was notified by the clerk (who was apparently urged to do so by counsel for U.S. Fire) that the inclusion of the U.S. Fire case in the notice of appeal was a mistake, and that in fact judgment in that case had not been appealed. From all of the above, it is readily apparent that it was the combination of all of these errors which has placed this case in the posture in which we presently find it.
No good purpose is served by dismissal of Swann's appeal of the U.S. Fire judgment. No undue prejudice to U.S. Fire will arise from reinstatement of the appeal. Counsel for all parties were aware of the error caused by the dual judgments. Counsel for U.S. Fire knew of Swann's intention to utilize an appeal as the vehicle for correcting the error. U.S. Fire was also timely informed by the clerk of court through the Notice of Appeal that the three cases had *246 been appealed. U.S. Fire cannot, and in fact has not, contended that it was not aware of the fact that its favorable judgment had been appealed. Rather, U.S. Fire seeks dismissal of the appeal based upon what are essentially technical errors.
Furthermore, allowing dismissal of the appeal from the $75,000 judgment in favor of U.S. Fire might well result in the incongruous situation (should Swann succeed in having Daspits' $105,000 judgment reversed) of Swann's being indebted to U.S. Fire for a portion of the $105,000 indebtedness ultimately found not due and owing by Swann.
For all of the foregoing reasons we find that Swann did appeal on August 7, 1981 the judgments entered as relates to all three suits, No. 54,668, 54,773 and No. 56,126, and that the Court of Appeal erroneously dismissed Swann's appeal in No. 56,126.

Decree
The judgment of the Court of Appeal dismissing Swann's appeal from the judgment in favor of U.S. Fire in No. 56,126 is reversed; the appeal is reinstated, and the case remanded to the Court of Appeal.
COURT OF APPEAL JUDGMENT REVERSED; APPEAL REINSTATED; REMANDED TO THE COURT OF APPEAL.
NOTES
[1] Ellen Tooley Swann, individually and as administratrix of the succession of her deceased husband Francis E. Swann, is a party in each of three lawsuits in the district court. She and her deceased husband will occasionally be referred to in this opinion as Swann.
[2] James E. Daspit and his wife, Janet S. Daspit, d/b/a Swann Supply v. Ellen Tooley Swann, widow of Francis E. Swann, Individually, and as Administratrix of the Succession of Francis E. Swann, No. 54,668 on the docket of the Twenty-Second Judicial District Court for the Parish of St. Tammany, filed 1/30/79.
[3] Ellen T. Swann v. James E. Daspit, No. 54,773, on the docket of the Twenty-Second Judicial District Court Parish of St. Tammany, filed 2/7/79.
[4] U.S. Fire Insurance Company v. Ellen Tooley Swann, individually and as administratrix of the Succession of Francis E. Swann, No. 56,126, on the docket of the Twenty-Second Judicial District Court, Parish of St. Tammany, filed 6/12/79.
[5] It was stated in oral argument by counsel for U.S. Fire that all parties were aware of the error and aware that a correction was necessary.
[6] The documents we are considering, to determine whether any appeal was timely filed, all relate to the filing of a suspensive appeal. However, we are not here called upon to determine whether a timely suspensive appeal was filed, but only whether any appeal was timely filed.
[7] La.C.C.P. art. 2087 provides:

Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
[8] The petition did refer to a judgment of July 16, 1981. The record, however, shows that no judgment was signed on that date. Rather, one was signed on July 15, 1981 and one was signed on July 17, 1981. Counsel for U.S. Fire contends that the July 17, 1981 judgment was filed on July 16th although not signed until the 17th and that this is the judgment referred to in the petition.