509 So.2d 851 (1987)
Stephanie Richards, Wife of/and Charles E. RICHARDS, Jr.
v.
Howard EVERETT, Jr. and Continental Insurance Company.
No. CA-6741.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1987.
John H. Musser, IV, New Orleans, for plaintiffs.
Lawrence J. Ernst, New Orleans, for defendants.
Before GULOTTA, C.J., and SCHOTT and GARRISON, JJ.

ON MOTION TO DISMISS APPEAL
GULOTTA, Chief Judge.
Defendants have moved to dismiss plaintiffs' appeal because of the untimely payment of costs.[1] According to defendants, two thirty day extensions granted by the trial judge for the payment of costs violated the statute which mandates a dismissal when those costs have not been paid. The motion now before us is in response to the trial court's denial of defendants' motion to *852 dismiss the pending appeal. We decline to reverse the trial court's ruling.
Consideration of the motion requires a chronology of the salient dates.
March 31, 1986order of appeal signed.
April 9, 1986notice of estimated costs sent to plaintiff.
April 29, 1986trial judge grants a 30 day extension to pay the estimated costs.
May 29, 1986additional 30 day extension until June 28, 1986 to pay the costs of appeal.
June 30, 1986plaintiff issued an NSF check in payment of the estimated costs.
September 9, 1986defendant files in trial court a motion to dismiss appeal on grounds of abandonment.
October 17, 1986plaintiff makes payment of estimated cost to the clerk's office.
October 31, 1986hearing in trial court on motion to dismiss.
November 21, 1986while disposition of motion is pending in trial court, record is lodged in this court.
November 26, 1986after receipt of briefing notice, defendants file in this court a motion to remand or alternatively to dismiss the appeal.
December 12, 1986motion to dismiss the appeal is denied by this court on the grounds that the trial court has jurisdiction of the pending motion.
December 19, 1986motion is further argued to the trial judge.
March 18, 1987this court issues an order removing the appeal from this court's docket because of the pending motion to dismiss in the trial court.
March 26, 1987trial judge denies the motion to dismiss the appeal.
At the outset it is clear, as contended by defendants, that the trial judge lacked authority to grant two thirty day extensions to plaintiff to file the costs. C.C.P. Art. 2126 provides that within twenty days of the mailing of the notice to the appellant, the parties shall pay the amount of the estimated costs and the trial judge may grant one extension for not more than an additional twenty days (upon a showing of good cause) for the payment of costs. In the instant case, At the expiration of the unauthorized extensions, plaintiffs had still not posted the required costs. It was not until approximately four months later that the costs were paid and approximately thirty days thereafter the record was lodged in this court.
C.C.P. Art. 2126(E), applicable in the instant case, provides that if the appellant fails to pay the estimated costs within the time specified, the trial judge after a hearing shall either dismiss the appeal on grounds of abandonment or grant a ten day period within which costs must be paid, in default of which the appeal would be dismissed. The trial judge, in his wisdom, could have dismissed the appeal; however, he chose not to do so. He could very well have permitted a ten day period to allow plaintiff to post the costs; however, because those costs had been paid, such an order would have been a vain and useless act, as pointed out by the trial judge in his reasons for judgment.
The statute clearly permits the trial judge to allow an additional ten days for the payment of costs after a hearing on the motion to dismiss an appeal for nonpayment of costs has been heard. We cannot say, under the circumstances of the instant case, that the trial judge erred when he denied the motion to dismiss the appeal.
Accordingly, the motion to dismiss, filed in this court, is denied.
SCHOTT, J., concurs with reasons.
SCHOTT, Judge, concurring:
C.C.P. art. 2126 is not self operative. Before the trial judge may dismiss the appeal for non-payment of costs there must be a hearing which may be provoked by the judge on his own motion or on motion of the clerk or that of a party. By the time of the hearing in this case the costs were paid and the question of whether the appeal had been abandoned or not was moot.
As I read the statute in the situation where, at the time of the hearing, the costs have not been paid, the trial judge may give the appellant ten more days in which *853 to pay the costs or, if it is clear that the appellant will not pay the costs, the judge need not delay dismissal any longer. But when the costs are already paid at the time of the hearing the statute has no application by its own terms.
NOTES
[1] C.C.P. Art. 2126. Payment of costs

A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send a notice by certified mail of the estimated costs to the appellant.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.