761 So.2d 625 (2000)
Darene REED
v.
COLUMBIA/HCA INFORMATION SERVICE, INC. d/b/a Lakeside Hospital and XYZ Insurance Company.
No. 99-CA-1315.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2000.
*626 Catherine J. Smith, George A. Blair, III, New Orleans, Louisiana, Counsel for Darene H. Reed, Plaintiff-Appellant.
C.T. Williams, Jr., Raymond A. Daigle, Jr., Metairie, Louisiana, Counsel for Medical Center of Baton Rouge, Inc., d/b/a Lakeside Hospital, Defendant-Appellee.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CHEHARDY, Judge.
Plaintiff appeals the dismissal of her appeal. She argues the trial court erred in dismissing her appeal for failure to timely pay appeal costs when appeal costs were paid prior to the hearing on the motion to dismiss. We set aside the judgment dismissing the appeal and remand the matter for preparation of the record.
The record establishes that plaintiff's personal injury lawsuit underwent trial on the merits on June 19 and 20, 1999. The trial court granted defendant's motion for directed verdict, dismissing plaintiff's claims in a judgment signed on February 25, 1999. Plaintiff filed a motion for appeal but subsequently filed a motion for new trial, although the order of appeal had been signed on March 30, 1999.
On April 21, 1999 the district court mailed a notice of estimated cost for appeal, listing the total cost as $2,896.00. The notice stated that appellant's pauper status was not renewed within the last calendar year. The final paragraph of the notice was as follows:
ATTENTION: Under Article 2126 LA. C.C.P. all estimated cost of appeal must be paid to the Clerk of Court within 20 days from mailing of this notice. Please be aware that failure to post costs within the allotted time could result in the filing by the Clerk of Court of Motion to Dismiss Appeal for Failure to Pay Costs, and with the costs incurred through filing and service of same assessed against your client(s).
On May 18, 1999 defendant filed a motion to dismiss the appeal as abandoned. Defendant asserted that the district court had mailed plaintiff a notice of estimated appeal costs on April 21, 1999, but that plaintiff had failed to pay the costs within 20 days, as required by La. C.C.P. art. 2126. As of the date of filing of the motion to dismiss the appeal (27 days after the mailing of the notice of estimated costs), plaintiff had neither paid the estimated costs nor sought an extension of time within which to pay them.
*627 Hearing of the motion to dismiss appeal was set for June 21, 1999. On June 15, 1999 plaintiff paid the appeal costs.
At hearing of the motion to dismiss the appeal, defendant argued that plaintiff not only failed to post the appeal costs within the 20-day period, but also failed to post them until almost 30 days after defendant filed the motion to dismiss the appeal.
Plaintiff argued that because she formerly had pauper status in the case, but was denied pauper status for the appeal, the estimated costs in excess of $2,800.00 were a substantial burden. Plaintiff asked the court to exercise its discretion and refuse to dismiss the appeal.
The court granted the motion to dismiss the appeal and subsequently denied plaintiffs motion for reconsideration and plaintiffs motion for new trial of the judgment dismissing the appeal.
On appeal plaintiff asserts the trial court erred in dismissing her appeal for failure to timely pay appeal costs, when it was evident that she did not intend to abandon her appeal and the appeal costs were paid prior to the hearing on the motion to dismiss.
Defendant argues that plaintiffs assignment of error and argument are procedurally faulty. First, her motion for appeal referenced the judgment of August 25, 1999 which denied her motion for new trial, yet her assignment of error and argument are entirely directed toward the June 30, 1999 judgment which dismissed her appeal of the underlying lawsuit. Second, defendant asserts that plaintiffs appeal was untimely as to the judgment which dismissed the underlying appeal because neither the "motion to reconsider" nor the motion for new trial are authorized regarding judgments on motions to dismiss appeals. Because these arguments address our jurisdiction over this appeal, we shall discuss them first.
As remarked by defendant, the Code of Civil Procedure does not provide for a "motion for reconsideration" with respect to any judgment. The motion for reconsideration and the ruling thereon are a moot point, however, because the actual judgment which dismissed the appeal was not the oral judgment rendered in open court on June 21, 1999, but rather was the written judgment signed on June 30, 1999. See La. C.C.P. art. 1911. Plaintiff filed a motion for new trial on July 7, 1999. Under La. C.C.P. art. 1974, the motion for new trial was timely.
We see no reason why a party cannot apply for new trial of a judgment dismissing an appeal. The appeal delay on a judgment does not begin to run until the court has ruled on the motion for new trial. See La. C.C.P. art. 2087. Further, the appeal was timely because it was filed within 60 days of August 30, 1999, the date of the mailing of the notice of the judgment refusing the motion for new trial. La. C.C.P. arts. 1914(C), 2087.
We find no merit to defendant's thesis that plaintiffs brief is procedurally faulty for discussing the June 30, 1999 judgment dismissing her appeal rather than the August 25, 1999 judgment which denied her motion for new trial. Appeal of a judgment denying a motion for new trial may be construed as appeal of the judgment on which the motion for new trial was made, where such is clearly the appellant's intent. See, e.g., Smith v. Hartford Acc. & Indem. Co., 254 La. 341, 223 So.2d 826, 828-29 (1969); Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312, 315 (1968); Brister v. Continental Ins. Co., 30,429 (La.App. 2 Cir. 4/8/98), 712 So.2d 177, 180; Hayes v. Hayes, 607 So.2d 3, 5 (La.App. 2 Cir.1992).
We now address the merits of plaintiffs appeal from the dismissal of her appeal. La. C.C.P. art. 2126 provides:
A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing *628 fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.
C. The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.
* * *
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.
The primary purpose of the statutory authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it; a secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants. Pray v. First Nat. Bank of Jefferson Parish, 93-3027 (La.2/11/94), 634 So.2d 1163. The focus of district courts in deciding Article 2126 motions to dismiss should be on securing payment of costs in order to move appeals forward rather than on dismissing appeals which are obviously not abandoned, simply because a motion was filed immediately after expiration of the twenty-day period for paying the costs. Id.
This article is not jurisdictional, but is a procedural vehicle designed solely for the efficient administration of the court. Ronquille v. State, Dept. of Wildlife and Fisheries, 532 So.2d 891, 894 (La.App. 5 Cir.1988).
As noted in the concurring opinion in Richards v. Everett, 509 So.2d 851, 852-853 (La.App. 4 Cir.1987),
C.C.P. art. 2126 is not self operative. Before the trial judge may dismiss the appeal for non-payment of costs there must be a hearing which may be provoked by the judge on his own motion or on motion of the clerk or that of a party....But when the costs are already paid at the time of the hearing the statute has no application by its own terms.
La.C.C.P. art. 5051 provides, "The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." Appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. U.S. Fire Ins. Co. v. Swann, 424 So.2d 240, 244 (La.1982). An appeal is not to be dismissed for a mere technicality. Id. Unless the ground urged for dismissal is free *629 from doubt, the appeal should be maintained. Id. at 245.
We find, therefore, that because plaintiff's payment of appeal costs was made prior to the hearing on defendant's motion to dismiss her appeal, the payment satisfied the intent and purposes of La. C.C.P. art. 2126 and made the motion to dismiss moot.
Accordingly, the judgment of June 30, 1999 dismissing plaintiff's appeal of the judgment of February 25, 1999 is vacated and set aside. The appeal of the judgment of February 25, 1999 is reinstated. The matter is remanded to the district court for any further preparation and certification of the record as may be necessary for that appeal. The parties each are cast with their own costs for this appeal.
SET ASIDE AND REMANDED.