NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-942

MITCHELL LEMAIRE AND MONIQUE LEMAIRE, ETC.

VERSUS

JOHN FRANK BLANCHARD, JR., ETC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20104888
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, J. David Painter, and John E. Conery, Judges.

RULE TO SHOW CAUSE RECALLED.

Charles Collins Garrison
Caffery, Oubre, Campbell
Post Office Drawer 12410
New Iberia, LA 70562-2410
(337) 364-1816
COUNSEL FOR DEFENDANT/APPELLEE:
        Louisiana Farm Bureau Casualty Insurance Co.

**Ian Alexander Macdonald**
**Jones Walker**
**Post Office Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **John Frank Blanchard, Jr.**
    **B. N. B.**

**J. Brent Barry**
**J. Brent Barry, LLC**
**600 Jefferson Street, Ste 900**
**Lafayette, LA 70501**
**(337) 354-2437**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Mitchell Lemaire**
    **Monique Lemaire**
    **M. L., II**

**PAINTER, Judge.**

This court, on its own motion, issued a rule to show cause, by brief only, why the appeal by plaintiffs-appellants, Mitchell and Monique Lemaire, should not be dismissed as untimely filed. Plaintiffs filed a brief in response to this court's rule. For good cause, we recall our rule to show cause and maintain the appeal.

In the course of this action, a final, appealable judgment was rendered by the trial court on November 30, 2012, dismissing the defendant, Louisiana Farm Bureau Casualty Insurance Company. The district court mailed notice of judgment to the counsel of record on or about December 5, 2012.[1] On January 9, 2013, plaintiffs filed a document in the record entitled Notice of Intent to Appeal. In this document, plaintiffs explained that they were seeking an appeal of the judgment dismissing Farm Bureau, which was the judgment of November 30, 2012.[2] On the same day that plaintiffs filed the Notice of Intent to Appeal, plaintiffs filed another pleading entitled Motion to Maintain Pauper Status Upon Appeal. An order was also filed by the plaintiffs with these documents. The order reads:

> Considering the Plaintiffs' Motion to Maintain Pauper Status Upon Appeal,
> **It is Ordered,** that the Plaintiffs' Motion be and is hereby granted thus allowing the Plaintiffs to proceed to the Third

---

[1] The judgment in the record reflects that notice of judgment was mailed by the district court's clerk's office on December 4, 2012, to all counsel of record. Nevertheless, a document entitled Notice of Signing of Judgment also appears in the record and indicates that the clerk's office mailed the notice on December 5, 2012. Since this court is examining the issue of whether the appeal was timely perfected, we will give the plaintiffs the benefit of the later notice date of December 5, 2012, for our calculations of the proper appellate delays.

[2] Plaintiffs stated in this notice of intent that they intended to take a suspensive appeal. However, the judgment dismissed a defendant in full; therefore, nothing would be suspended through the perfection of a suspensive appeal. Since the delays for a suspensive appeal are shorter than those for a devolutive appeal and since the plaintiffs did not ask for the trial court to set the amount of a suspensive appeal bond, we will again give the plaintiffs the benefit of the latest possible date for an appeal, i.e., the delay for perfecting a devolutive appeal.

Circuit Court of Appeal and with the appellate process while maintaining their pauper status previously granted by this Court.

Emphasis supplied. The trial court signed this order, as submitted, on January 7, 2013.

The next pleading which appears in the record is a Motion and Order for Appeal, also filed by the plaintiffs, on June 21, 2013. The order submitted with this motion for appeal was signed by the trial court on July 1, 2013, and reads:

> **IT IS HEREBY ORDERED, that the plaintiffs' Motion for Appeal be granted.**
> **IT IS HEREBY ORDERED, that the plaintiffs' Motion to Proceed in Pauper Status for the appeal be and is hereby granted.**
> **IT IS FURTHER ORDERED that written reasons from the granting of Louisiana Farm Bureau's Motion for Summary Judgment will be prepared and the record of this matter prepared for appeal.**

Emphasis supplied.

Upon the lodging of the record in this appeal, this court issued the rule to show cause *sub judice*. Plaintiffs responded to this rule by brief, setting forth the foregoing filings as support for the plaintiffs' position that they did, in fact, perfect their appeal timely, in addition to discussing other procedural matters which do not appear of record. To the extent that this court finds that the order of appeal was not timely signed, the plaintiffs contend that this delay is not imputable to them because, they assert, the plaintiffs filed their notice of appeal timely.

> An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.

> An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court.

When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal.

La.Code Civ.P. art. 2121. The delays for a devolutive appeal are set forth in La.Code Civ.P. art. 2087. According to this statute, the plaintiffs had until February 13, 2013, to perfect their appeal.[3]

Readily apparent on the record of this case is the fact that the plaintiffs did not properly comply with the technical requirements of La.Code Civ.P. art. 2121 for perfecting their appeal timely. The order signed by the trial court on January 7, 2013, does not show a return day of the appeal nor does the order expressly grant the plaintiffs an appeal from the final judgment rendered November 30, 2012.

Despite the failings of this order to comply with the technicalities for perfecting an appeal, the jurisprudence of this state has long held that "appeals are favored in the law. Unless the ground urged for dismissal is free from doubt, the appeal should be maintained. *U.S. Fire Insurance Co. v. Swann*, 424 So.2d 240, 244−45 (La.1982)." *Castillo v. Russell*, 2005-2110 (La. 2/10/06), 920 So.2d 863, 863. In the instant case, we find that the plaintiffs clearly manifested an intent to appeal the judgment of November 30, 2012, in the order signed by the trial court on January 7, 2013. While this order did not provide a return date nor expressly state that the plaintiffs were being given an appeal from this judgment, the order does state that the plaintiffs are being granted the right "to proceed to the Third Circuit Court of Appeal and with the appellate process while maintaining their

---

[3] The delay for applying for a new trial expired on December 14, 2012. La.Code Civ.P. art. 1974. Therefore, the sixtieth day following December 14 was February 12, 2013. La.Code Civ.P. art. 2087. Since February 12 was the Mardi Gras holiday, the devolutive appeal delays expired the next business day on February 13, 2013. La.Code Civ.P. art. 5059.

pauper status".  Obviously, the plaintiffs were not intending to abandon their appeal, and we find that the defendants could not have been prejudiced through the initial inartfully drafted order of appeal.  Therefore, we recall this court's rule to show cause and maintain the appeal.

**RULE TO SHOW CAUSE RECALLED.**