IN RE: MEDICAL REVIEW PANEL
PROCEEDINGS OF DON SINGLETON

NO. 22-CA-285

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 793-446, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING


March 01, 2023


**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.


**JUDGMENT REVERSED,**
**CASE REMANDED**
    **SMC**
    **FHW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DON SINGLETON
Ann M. Johnson-Griffin

COUNSEL FOR DEFENDANT/APPELLEE,
WARREN R. BOURGEOIS, III, M.D.
C. William Bradley, Jr.
Benjamin J. Biller
Lance V. Licciardi, Jr.

**CHEHARDY, C.J.**

Plaintiff, Don Singleton, appeals the trial court's February 23, 2022 judgment granting defendant's motion to dismiss the appeal of the judgment sustaining defendant's second exception of prescription. Defendant Warren R. Bourgeois, III, M.D., moved to dismiss plaintiff's appeal on the basis that plaintiff failed to timely pay the appeal costs and failed to enunciate a reason for requesting an extension of time to pay those costs. For the reasons that follow, we reverse the trial court's judgment granting the motion to dismiss plaintiff's underlying appeal.

*Background and Procedural History*

This matter arises from plaintiff's allegations of medical malpractice against Dr. Bourgeois after he performed surgery on plaintiff in May of 2017. Plaintiff filed a request for a medical review panel on February 7, 2019, contending that he did not discover the alleged malpractice until February 10, 2018. The trial court granted Dr. Bourgeois's exception of prescription and dismissed plaintiff's lawsuit with prejudice. On plaintiff's first appeal, this Court amended the trial court's judgment and remanded to give plaintiff 20 days to amend his request for a medical review panel, to remove the allegedly incorrect dates of surgery and/or discovery of the alleged malpractice. *In re Singleton*, 19-578 (La. App. 5 Cir. 9/2/20), 303 So.3d 362.

After remand, plaintiff purportedly amended his medical review panel request, and defendant filed a second peremptory exception of prescription, which the trial court again sustained on September 21, 2021.[1] On October 20, 2021, plaintiff timely filed an appeal. On December 10, 2021, the trial court issued a Notice of Estimated Costs of Appeal, specifying that plaintiff had 20 days to pay

---

[1] Plaintiff designated the record for the present appeal; as such, the amended request for the medical panel and defendant's second exception of prescription are not in the record. Because the substance of these pleadings are not pertinent to this appeal, however, we provide no additional discussion regarding the merits of defendant's second peremptory exception of prescription.

22-CA-285                                    1

those costs. On December 29, 2021, rather than paying the costs, plaintiff filed a "Supplemental and Amending Motion and Notice of Intent to File an Appeal and an Extension of Time to Pay Court Costs." In its entirety, plaintiff's motion stated:

> The supplemental and amending petition of plaintiff, DON SINGLETON, in the above entitled and numbered cause, respectfully represents that the plaintiff desires to supplement and amend his original motion filed herein and that leave of court is not required as no defendant has filed responsive pleadings at this point.
>
> Plaintiff amends his petition for damages in the following particulars by:
>
> > 1. Moving the Court to designate into the record the lower court file starting from July 28, 2021 to the present.
>
> In accordance with Louisiana Code of Civil Procedure Article 2125 [sic], the counsel for plaintiff moves the Court to grant an extension of time to determine new court costs and to fix a new return day.

On January 3, 2022, Dr. Bourgeois filed a motion to dismiss the appeal as abandoned. Dr. Bourgeois contends that he was not aware that plaintiff had filed his December 29, 2021 "supplemental and amending motion" until after the motion to dismiss the appeal was filed. Plaintiff opposed the motion to dismiss, and on February 23, 2022, the trial court presided over a hearing to consider (i) plaintiff's supplemental and amending motion and notice of intent to file an appeal and an extension of time to pay court costs, and (ii) defendant's motion to dismiss appeal as abandoned. On the same day, before the hearing, plaintiff paid the estimated court costs.[2] The trial court denied plaintiff's motion and granted defendant's motion to dismiss the appeal. Plaintiff now appeals the trial court's judgment dismissing his appeal.

---

[2] The record contains a receipt indicating that a deposit of $1132.00 was paid at 8:45 a.m. on February 23, 2022.

*Discussion*

A trial court's judgment dismissing a party's appeal for failure to pay costs of appeal should not be reversed absent an abuse of discretion. *Fontenot v. Delhomme's Funeral Home, Inc.*, 09-1017 (La. App. 3 Cir. 4/7/10), 33 So.3d 1100, 1102, *writ denied*, 10-1064 (La. 9/3/10), 44 So.3d 687. The payment of appeal costs is governed by La. C.C.P. art. 2126, which provides, in relevant part:

> B.  Within twenty days of the mailing of notice [of costs of appeal], the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.
>
> C.  The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.
>
> ***
>
> E.  If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
> > (1)    Enter a formal order of dismissal on the grounds of abandonment; or
> > (2)    Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
>
> F.  If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.

Plaintiff contends on appeal that the trial court abused its discretion in dismissing his appeal as abandoned, where plaintiff timely submitted a motion for

extension of time to pay those costs, and paid the costs of appeal on the morning of the hearing. Moreover, plaintiff argues that there was no intent to abandon the appeal. Appeals are favored, and any doubt should be resolved in favor of maintaining rather than dismissing an appeal. *Hacienda Constr., Inc. v. Newman*, 10-18 (La. App. 5 Cir. 6/29/10), 44 So.3d 333, 336. According to plaintiff, unless the ground for dismissal are free from doubt, the appeal should be maintained. *Morice v. Alan Yedor Roofing & Constr.*, 16-532 (La. App. 5 Cir. 2/8/17), 216 So.3d 1072, 1079.

Additionally, plaintiff cites *Richards v. Everett*, 509 So.2d 851, 852 (La. App. 4th Cir. 1987), and *Reed v. Columbia/HCA Info. Serv., Inc.*, 99-1315 (La. App. 5 Cir. 4/25/00), 761 So.2d 625, cases in which the reviewing courts determined that where the appellant had paid the court costs before the trial court held a hearing to determine whether the case had been abandoned, the issue was moot, and the appeal should move forward.

On the other hand, defendant argues that the trial court did not abuse its discretion in dismissing plaintiff's appeal. Although La. C.C.P. art. 2126 permits an appellant to request an extension of time to pay costs with a showing of good cause, defendant contends that plaintiff made no such showing here. Article 2126 also contemplates an extension of time to pay costs when the appellant has timely questioned the excessiveness of the estimated costs by a written application for reduction, but here, plaintiff made an untimely request to designate part of the record on appeal – a request that was more than two months too late – and he did not question the excessiveness of the estimated costs. Defendant argues that the provisions of Article 2126 do not excuse plaintiff's failure to timely pay the costs of appeal.

Further, defendant contends that plaintiff's payment of the costs on the morning of the hearing is inconsequential, because plaintiff offered no evidence at

the February 23, 2022 hearing to show that the costs had been paid, nor did plaintiff's counsel indicate as much at that time. As such, defendant argues that the trial court did not abuse its discretion in dismissing the appeal after a contradictory hearing.

We find the trial court abused its discretion in dismissing plaintiff's appeal, for the reasons we stated in *Reed v. Columbia*:

> The primary purpose of the statutory authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it; a secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants. *Pray v. First Nat. Bank of Jefferson Parish*, 93-3027 (La. 2/11/94), 634 So.2d 1163. The focus of district courts in deciding Article 2126 motions to dismiss should be on securing payment of costs in order to move appeals forward rather than on dismissing appeals which are obviously not abandoned, simply because a motion was filed immediately after expiration of the twenty-day period for paying the costs. *Id.*
>
> This article is not jurisdictional, but is a procedural vehicle designed solely for the efficient administration of the court. *Ronquille v. State, Dept. of Wildlife and Fisheries*, 532 So.2d 891, 894 (La. App. 5th Cir. 1988).
>
> As noted in the concurring opinion in *Richards v. Everett*, 509 So.2d 851, 852-53 (La. App. 4th Cir. 1987),
>
>> C.C.P. art. 2126 is not self operative. Before the trial judge may dismiss the appeal for non-payment of costs there must be a hearing which may be provoked by the judge on his own motion or on motion of the clerk or that of a party....But when the costs are already paid at the time of the hearing the statute has no application by its own terms.
>
> La.C.C.P. art. 5051 provides, "The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." Appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. *U.S. Fire Ins. Co. v. Swann*, 424 So.2d 240, 244 (La. 1982). An appeal is not to be dismissed for a mere technicality. *Id.* Unless the ground urged for dismissal is free from doubt, the appeal should be maintained. *Id.* at 245.

> We find, therefore, that because plaintiff's payment of appeal costs was made prior to the hearing on defendant's motion to dismiss her appeal, the payment satisfied the intent and purposes of La. C.C.P. art. 2126 and made the motion to dismiss moot.

761 So. 2d 625, 628-29. Because appeals are favored, and because the record reflects that plaintiff paid the estimated appeal costs before the scheduled contradictory hearing, we find the motion to dismiss in these circumstances to be moot.

## DECREE

The trial court's judgment dismissing plaintiff's appeal is reversed. The appeal of the judgment on defendant's second exception of prescription is reinstated. The matter is remanded to the trial court for any further preparation and certification of the record as necessary for that appeal.

**JUDGMENT REVERSED,
<u>CASE REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-285**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
ANN M. JOHNSON-GRIFFIN (APPELLANT)     VELEKA ESKINDE (APPELLANT)          BENJAMIN J. BILLER (APPELLEE)
C. WILLIAM BRADLEY, JR. (APPELLEE)     CHRISTOPER R. HANDY (APPELLEE)

**MAILED**
LANCE V. LICCIARDI, JR. (APPELLEE)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 2700
NEW ORLEANS, LA 70163