|,LEON A. CANNIZZARO, Jr., Judge.
This case involves a judgment on a rule regarding past due child support obligations. The defendant, Alex Anderson, is appealing the judgment finding him in contempt of court and ordering him to pay child support arrearages.
FACTS AND PROCEDURAL HISTORY
Mr. Anderson and Antoinette Love are the parents of a minor child, Alex Love, who was born in October of 1987. In March of 1988, the State of Louisiana, through the Department of Health and Human Resources, Office of Family Security, filed a petition to establish paternity and support obligations regarding Alex. A consent judgment was signed a few days later. The consent judgment declared that Mr. Anderson was Alex’s biological father and fixed Mr. Anderson’s child support obligations in the amount of two hundred dollars a month.
During Alex’s childhood, the State filed four rules for contempt[1] against Mr. Anderson in connection with delinquent child support payments that he owed. Only the first contempt rule resulted in a judgment against Mr. Anderson.[2] ^Ultimately, Ms. Love engaged the services of a private attorney. In November of 2003, her attorney filed a motion to make past-due child support executory, for a contempt order, and for the imposition of court costs and attorney’s fees. Ms. Love alleged in her motion that under the terms of the consent judgment rendered in March of 1988, Mr. Anderson owed $17,985.23 in past-due child support.
The motion was heard on January 13, 2004, and a judgment was rendered on January 16, 2004. The judgment provided as follows:
1. Mr. Anderson was held liable for the principal sum of $16,985.23 in delinquent child support payments, legal interest on that amount, and court costs.
2. Mr. Anderson was found to be in contempt of court for his failure to make child support payments in accordance with the judgment that established his child support obligations, and he was sentenced to be incarcerated in Orleans Parish Prison for thirty days for contempt. The trial court permitted Mr. Anderson to purge the prison sentence by timely paying to Ms. Love $400 each month. Of that amount, $200 of each payment was required to be credited against Mr. Anderson’s delinquent child support payments, and the remaining $200 was to be used to satisfy his ongoing child support obligations.
3. Mr. Anderson was ordered to arrange to have an electronic funds transfer automatically made from his credit union account to Ms. Love’s credit union account on the fifth day of every month in the amount of $400.
4. Ms. Love’s request for attorney’s fees was denied, and her request for the suspension of Mr. Anderson’s driver’s license was denied.
| aAfter the judgment was rendered, Mr. Anderson filed a motion for a new trial and a motion to reduce or terminate his child support obligations. The motion for a new trial was denied on May 19, 2004, and the *95 motion to reduce or terminate child support was continued. Mr. Anderson then filed a motion for a devolutive appeal of the “judgment rendered on May 19, 2004 which denied mover’s Motion for New Trial.” The appeal was granted.
DISCUSSION
Judgment Appealed
At the outset we will consider Ms. Love’s claim that this Court has no jurisdiction to consider this appeal. This argument is based on the fact that a judgment denying a motion for a new trial is a non-appealable interlocutory judgment. See La. C.C.P. arts. 1914(C) and 2083. Although Mr. Anderson’s notice of appeal states that the judgment appealed is the May 19, 2004 judgment denying his motion for a new trial, his brief addresses the merits of the judgment that was rendered against him on the motion filed by Ms. Love. Additionally, the assignments of error go to the merits of the judgment on Ms. Love’s motion.
Where it is clear that an appellant intended to appeal a judgment on the merits rather than a judgment denying a motion for a new trial, we will consider the appeal to be an appeal of the judgment on the merits even though the notice of appeal only referred to the judgment denying the new trial. Smith v. 4938 Prytania St., 2004-0833, p. 2 (La.App. 4 Cir. 1/26/05), 895 So.2d 65. See also Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312 (1968).
^Assignments of Error

ASSIGNMENT OF ERROR: The trial court erred in awarding arrearage absent a hearing on the merits, absent testimony, absent an opportunity for the appellant to assert a defense, absent evidence in the record, and absent a consent.

In this assignment of error Mr. Anderson claims that the judgment on Ms. Love’s motion to make past-due child support executory, for a contempt order, and for the imposition of court costs and attorney’s fees was rendered without a hearing on the merits, without testimony, without giving him an opportunity to present a defense, and without his consent. We find that this assignment has merit with respect to the consent issue Mr. Anderson has raised.
Mr. Anderson appeared in proper person at the hearing on Ms. Love’s motion. It appears from the transcript of the hearing on the motion that there had been a meeting in the judge’s chambers at which the parties had presumably agreed upon a consent judgment. The relevant portion of the transcript reads as follows:
THE COURT:
And Mr. Alex Anderson is here in proper person.
Do you have a consent, Ms. Ladouceur?
MS. LADOUCER:
I believe so, your Honor. Your Honor, we are before the Court today on a Motion to Make Past Due Child Support Executory, for an Order of Contempt, and for Court Costs and Attorney’s Fees.
After discussing the amount of the ar-rearage owed, it has been agreed between the parties that the amount of $16,985.23 through January 1, 2004, is due and owing from Mr. Anderson to Ms. Love. And we would ask for an order making that amount executory at this time.
It is also my understanding that from Your Honor’s comments in chambers that you would enter an order of contempt against Mr. Anderson ordering thirty days of imprisonment in Orleans *96 Parish Jail, to be suspended | ¡^contingent upon his timely payments of the sum of $400 per month in past due child support, to be paid on the 5th day of each and every month, and until paid in full. The parties have also agreed that an order to facilitate the payment of $400 per month, that Mr. Anderson will within—
[[Image here]]
MS. LADOUCER:
That Mr. Anderson will go to ... Credit Union where he banks, and will cause to be set up an electronic fund transfer from his account to Ms. Annette [sic] Love’s account with ... Credit Union ... so that that would be effective February the 5th. $400 per month will be deducted automatically....
It is quite clear from the foregoing excerpts from the transcript that there had been a meeting of the parties with the trial court judge in the judge’s chambers prior to the hearing in open court. It is also quite clear from the transcript that the trial court judge and Ms. Love’s attorney understood that the parties had reached an agreement on how the child support ar-rearage would be paid. Additionally, it is undisputed that Mr. Anderson was present when Ms. Love’s counsel presented in open court the details of a discussion that occurred in chambers.
What is absent from the record, however, is whether Mr. Anderson agreed to the terms of the judgment. In the transcript of the hearing, Ms. Love’s attorney even asked the trial court judge whether the consent of the parties needed to be put on the record. His response was “[n]o, it’s the Court’s ruling.”
Because there is nothing in the record to evidence Mr. Anderson’s consent to the terms of the judgment which was presented in open court as a judgment to which he had consented, we must vacate the judgment. In the instant case, there is no evidence in the record to prove the amount of past due child support or Mr. | fiAaderson’s consent to the electronic fund transfer of $400 per month from his bank account to Ms. Love’s bank account.
Because the record does not reflect Mr. Anderson’s agreement to the consent judgment that was rendered, we hereby vacate the judgment and remand this matter to the trial court for a determination of whether Mr. Anderson consents to the terms of the judgment that has been proposed. If so, the judgment should be reinstated and his consent to it should be made a matter of record. On remand the trial court judge should ascertain on the record whether Mr. Anderson understands and agrees to the amount of the arrearage and the procedure by which it will be paid. If, on remand, it is determined that Mr. Anderson does not consent to the judgment, there should be a full trial on the merits of the motion filed by Ms. Love.
Mr. Anderson filed three additional assignments of error. Because we have vacated the judgment that was appealed, however, we pretermit the remaining assignments of error.
CONCLUSION
For the reasons discussed in this opinion, we vacate the trial court’s judgment dated January 16, 2003. We hereby remand this case to the trial court for further proceedings in accordance with this opinion.
JUDGMENT VACATED AND REMANDED.
GORBATY, J., dissents, with reasons.

. The rules were filed in 1990, 1994, 1995, and 2001.

. A judgment was rendered making $2,428.00 in delinquent child support executory, and Mr. Anderson was ordered to pay an additional $25 per month toward the arrearage.