ROLAND L. BELSOME, Judge.
LOn December 6, 1990 in case number 139-616, Anthony Thomas was charged with violating La. R.S. 14:44.1, second degree kidnapping. He was charged in a separate bill of information with one count of attempted aggravated rape, a violation of La. R.S. 14:27(42); that bill of information was filed in case number 139-617. These cases were consolidated with each other and with case number 139-559. On February 22,1991, prior to the defendant’s arraignment, the court found that the defendant was incompetent to proceed and ordered that he be remanded to Feliciana Forensic Facility. The court maintained its finding that the defendant should remain at Feliciana Forensic Facility in orders dated April 2, 1992 and July 24, 1992.
The records do not indicate when, or if, the trial court subsequently found the defendant competent. However, on August 11, 1992, defense counsel filed a motion to set the matter for jury trial. Counsel appeared for the scheduled trial on August 18th. The defendant was not present, and counsel waived his appearance. The prosecutor stipulated that the members of the sanity commission would testify that the defendant was insane at the time of the offense. The court then found the defendant not guilty by reason of insanity as to both charges. The court further found that the defendant was a danger to himself or others and ordered him remanded to Feliciana Forensic Facility.
On September 16, 1999 the trial court held a contradictory hearing to determine whether the defendant was still dangerous to himself or others or whether he should be conditionally released. The court found that he should be conditionally released to the Harmony Transitional Center and placed him on active probation pursuant to La.C.Cr.P. art. 658 for a maximum term of five years, | {.subject to extension. On June 17, 2003 the court ordered that the defendant be continued in the conditional release program under the supervision of the Office of Probation and Parole — Department of Public Safety and Corrections and the Department of Health and Hospitals. The court amended the conditions of probation to provide that the defendant, instead of residing at the Harmony Center, would five with his mother in Marrero, La.
On September 3, 2003 Lisa Mix, an officer with the Office of Probation and Parole, filed a written motion and order for a hearing to revoke the defendant’s probation. The sole basis for revocation set forth in the motion was “[t]o determine if subject must comply with notification as a Sex Offender.” A hearing was held on October 23, 2003; Ms. Mix was the only witness. She testified that she filed the rule to revoke the defendant’s probation because he failed to register as a sex offender as required under the sex offender laws. She indicated that the issue had arisen because the defendant was seeking to move with his mother to St. Bernard Parish. At the conclusion of the hearing, the court rendered a ruling from the bench that, because the defendant’s offenses occurred in 1990, the registration statutes set forth in Title 15 of the Revised Statutes did not apply. There was no objection to this ruling by the State, nor was a notice of intent to seek writs or a motion for an appeal filed. The defendant’s probation was not revoked.
On June 10, 2004 counsel for the defendant filed a motion for an order removing the defendant’s name from the Louisiana State Police Bureau, Sex Officer and Child Predator Registry.[1] With the motion the *580 defense attached a copy lsof the record from the Louisiana State Police which indicated that the defendant had registered as a sex offender on November 14, 2003. The defendant’s motion was heard on July 13, 2004. Ms. Mix was again the sole witness. When questioned about how the defendant appeared on Louisiana State Police Sex Offender registry, she stated that he was placed on it when he was transferred from the Harmony Transitional Center. According to Ms. Mix’s testimony, the defendant had already registered before the judge had ordered that he did not have to do so. She stated that it was the usual practice of the parish to forward a defendant’s name and information to the State Police when a defendant registered with the sheriffs office. She further speculated that the State Police received an order from the court directing that the defendant’s name be removed from the registry and that she would contact the State Police about it. At the conclusion of the hearing, the court directed that the record show that there is an order granting the relief prayed for by the defendant. On August 5, 2004, the court signed a written order directing the “Louisiana State Police Bureau, Sex Offender and Child Predatory [sic] Registry” to remove any reference to the defendant as had previously been ordered on October 23, 2003. There was no objection to the court’s oral ruling, nor was a motion for new trial or review sought from the court’s order.
On August 12, 2004 a new motion to revoke the defendant’s probation was filed; in it the probation officer alleged that the defendant had stopped taking his medication and recently had been hospitalized. The probation officer requested that the defendant’s probation be extended for one year. By consent of the parties, on September 28, 2004, the court ordered that the defendant’s active supervised probation be extended for one year; the court further ordered the defendant to Rreside at Harmony Transitional Center and cpmply with all treatment recommendations.
On October 5, 2004, counsel for the defendant filed a rule for contempt alleging that the Louisiana State Police had failed to remove the defendant’s name from the Sex Offender and Child Predator Registry. The court set the rule for a hearing on November 16, 2004. According to the minute entry for that date, the court heard oral argument from the parties and deferred a ruling on the contempt issue. Although the record does not include a new motion to revoke probation, the court ordered that the defendant’s probation be revoked and that he be recommitted to the custody of the Eastern Louisiana Mental Health System, Forensic Division, pursuant to La. C.Cr.P. art. 658(B)(4).
On December 1, 2004 the Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information, through its counsel, filed a pleading entitled “Rule for Reconsideration of Court’s Order Directing Defendant’s Removal from the State Sex Offender and Child Predator Registry” with a supporting memorandum. The hearing was held on February 3, 2005 and, after oral argument was made, the court denied the motion to reconsider its prior judgment ordering that the defendant did not have to register as a sex offender. Counsel for the Department of Public Safety and Corrections orally gave notice of intent to seek writs or an appeal; counsel also asked that the court issue a written order directing what the State was supposed to do. The court explained from the bench that the judgment it was rendering was a denial of the motion to reconsid *581 er its prior judgment, and that the State should refer back to the original judgment rendered by the court.
|ñOn February 11, 2005, counsel for the State filed a written judgment on its Rule for Reconsideration which the trial court signed on February 15, 2005. On March 14, 2005, counsel for the State filed a “Petition for Appeal” in which the State averred that it was seeking a devolutive appeal from the final judgment rendered on February 3, 2005. On March 15, 2005, the court granted the motion for devolutive appeal and set a return date of April 18, 2005.

DISCUSSION

The review of the records undertaken by this Court shows that these consolidated appeals should be dismissed. In its motion for appeal the appellant states that it is appealing the trial court’s denial of its motion for reconsideration of judgment rendered on February 3, 2005. However, as the Fifth Circuit noted in Reed v. Columbia/HCA Information Service Inc., 99-1315 (La.App. 5 Cir. 4/25/00), 761 So.2d 625, 627, “the Code of Civil Procedure does not provide for a ‘motion for reconsideration’ with respect to any judgment.” Furthermore, the “motion for reconsideration” filed by the appellant in this matter cannot be construed as a motion for new trial because such a pleading must be filed with seven days of the judgment. La. C.C.P. art. 1974.
Here, the first judgment which the appellant sought to have reconsidered was rendered in open court on October 23, 2003 when the trial court denied the motion to revoke the defendant’s probation for failure to register as a sex offender and give notification, holding that the statutory requirements did not apply to him on ex post facto grounds. The August 5, 2004 order directing that the defendant’s name be removed from the sex offender registry was apparently rendered to enforce the October 23, 2003 judgment. The original motion to revoke was filed by the State of Louisiana, Department of Public Safety and Corrections, through |fithe defendant’s probation officer, and the trial court’s ruling became final when the State of Louisiana, Department of Public Safety and Corrections, failed to seek review. Furthermore, even if the appellant’s motion for reconsideration were considered to have been a motion for new trial, denial of a motion for new trial is not an appealable judgment, State ex rel. Dept. of Health Human Resources v. Anderson, 2004-1567 (La.App. 4 Cir. 3/9/05), 899 So.2d 93, and the petition for a devolutive appeal was not filed within delays allowed for filing a writ application.
Considering that the rulings which the appellant seek to have overturned in these appeals were rendered on October 23, 2003 and August 5, 2004 and that no timely motion for a new trial or timely motion for an appeal of either judgment was filed, this Court lacks jurisdiction over this matter. See Falkins v. Jefferson Parish School Bd., 97-26 (La.App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006; Guillot v. Consolidated Freightways, 583 So.2d 113 (La.App. 5 Cir.1991).
Accordingly, these consolidated appeals are dismissed.
APPEAL DISMISSED.

. The motion also requested that certain other conditions of probation imposed by the probation officer be amended and/or in the alternative that the remainder of the defendant's *580 probation be made inactive. That portion of the motion is not relevant here.